■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DORSEY, Appellant.

Defendant's guilt was proven beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). We have considered defendant's other contentions and find them to be lacking merit. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP FORD, Appellant.

On this appeal defendant contends that the denial of that branch of his motion which sought suppression of certain identification testimony was improper. A review of the record discloses that the showup occurred about one half hour after the robbery and about four blocks away from the scene of the crime. This was an appropriate procedure to secure a prompt and reliable identification of the perpetrator while the incident was vivid in the victim's memory *(People v Rivera,* 108 AD2d 935; *People v Acevedo,* 102 AD2d 336, 339-340). In any event, there was an independent basis for the complainant's in-court identification. She was able to observe defendant during the robbery, while pursuing him and subsequently as he passed her while she was in the subway station conversing with the token clerk. At that moment she identified him to the clerk as one of the perpetrators *(People v Rivera, supra).* It is clear then that denial of that branch of defendant's motion which sought suppression of certain identification testimony was proper. Lazer, J. P., O'Connor, Weinstein, and Brown, JJ., concur.