■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VITETTA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered March 19, 1982, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Marasco, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence. By order dated March 31, 1986, this court remitted the matter to the County Court to hear and report on that branch of the defendant's omnibus motion which was to suppress the identification evidence, and held the appeal in abeyance in the interim *(see, People v Vitetta,* 118 AD2d 885). The County Court has now complied.

Ordered that the judgment is affirmed.

The police officers were justified in temporarily detaining the defendant to allow the complainant to view him, since he matched the rather detailed description of the perpetrator given by the complainant, he was found approximately two blocks from the scene of the crime approximately one hour after the crime occurred, and he was told the specific, limited purpose of the detention *(see, People v Hicks,* 68 NY2d 234). Thus, the hearing court did not err in concluding that the identification evidence should not be suppressed as the fruit of an illegal detention. Nor did the hearing court err in concluding that the identification procedure employed was not so unnecessarily suggestive and conducive to misidentification as to have denied the defendant due process of law *(see, People v Smith,* 38 NY2d 882; *People v Ford,* 110 AD2d 847; *People v Digiosaffatte,* 63 AD2d 703).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.