■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MITCHELL, Also Known as BOBBY RAY MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered January 4, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Clabby, J.), of those branches of the defendant's omnibus motion which were to suppress a statement made by him to police, identification evidence, and physical evidence.

Ordered that the judgment is affirmed.

The unrefuted testimony at the suppression hearing revealed that on March 14, 1982, at approximately 1:25 A.M., the complaining witness was robbed at gunpoint by five black males who took a sum of money from him including a Barbados coin. The perpetrators fled toward Merrick Boulevard and, within minutes, the police arrived. The complainant gave a description of the perpetrators, including the fact that one of them was wearing a black coat. The complainant was taken in a police vehicle to search for the perpetrators. Police Officer Hanken then commenced a search in another vehicle and came upon five black males a few blocks away from the crime scene, on Merrick Boulevard. Two of the males fled, and Officer Hanken exited his vehicle, displayed his shield and drew his revolver. He radioed to the other police vehicle and ordered the three other males against a wall where he frisked them for weapons. While the officer was frisking these individuals, the defendant stated, not in response to any questioning by the officer, "that [he] had nothing to do with it [he] was just standing there". The other police vehicle arrived, and the

complainant identified the three suspects, who were not handcuffed at the time, as the individuals who robbed him. The defendant was arrested and taken to the 103rd Precinct where a search of his person produced a Barbados coin.

The defendant concedes that the initial stop and frisk was constitutional. However, he maintains that his statement to the police should be suppressed. We disagree. It is clear that the statement was not the product of express questioning or its functional equivalent but was spontaneously uttered *(see, People v Lanahan,* 55 NY2d 711), and was admissible. Further, evidence of the showup which took place approximately eight minutes after the commission of the crime, within a few blocks of where it occurred, and which was conducted in a nonsuggestive manner, was properly found to be admissible *(see, People Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Osgood,* 89 AD2d 76). Additionally, the seizure of the Barbados coin following the arrest of the defendant was proper *(see, People v Perel,* 34 NY2d 462).

The defendant's plea was made knowingly and voluntarily, and the sentence imposed was not excessive. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.