■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v Iso DURAKOVIC, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 29, 1985, convicting him of manslaughter in the first degree and criminal use of a firearm in the first degree, upon his plea of guilty, and sentencing him, as an armed violent felony offender, to concurrent terms of imprisonment of 12½ to 25 years. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements and a gun.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed upon the defendant's conviction of manslaughter in the first degree from 12½ to 8⅓ years. As so modified, the judgment is affirmed.

The crime of criminal use of a firearm in the first degree (Penal Law § 265.09) is a class B armed violent felony offense (Penal Law § 265.09; CPL 1.20 [41]). Accordingly, the minimum term imposed by the court on that conviction, i.e., 12½ years, which was one half of the maximum term imposed, was proper (Penal Law § 70.02 [4]; [1] [a]). However, manslaughter in the first degree, while a class B violent felony offense (Penal Law § 70.02 [1] [a]), is not an armed violent felony offense since it does not contain, as an element, any of the criteria set forth in either paragraph (a) or (b) of CPL 1.20 (41). Therefore, the minimum sentence imposed upon that conviction could only have been fixed at one third the maximum, i.e., 8⅓ years, and not at one half of the maximum (Penal Law § 70.02 [4]). Accordingly, the judgment of conviction has been modified to the extent indicated.

We have reviewed the defendant's remaining contentions, including those pertaining to that branch of his omnibus motion which was to suppress statements and a gun, and find them to be without merit (People v Benjamin, 51 NY2d 267; People v Mitchell, 131 AD2d 601; People v Kazepis, 101 AD2d 816; People v Suitte, 90 AD2d 80). Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.