■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DIXON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 11, 1983, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the hearing court properly denied suppression of the showup identification made by the complainant within 10 minutes after the defendant was apprehended near the scene of the robbery. This showup occurred in close time and proximity to the event while the complainant's memory was fresh and, under the circumstances, the showup was not unduly suggestive *(see, People v Riley,* 70 NY2d 523; *People v Love,* 57 NY2d 1023; *People v Montanez,* 149 AD2d 627; *People v Mitchell,* 131 AD2d 601; *People v Ford,* 110 AD2d 847; *People v Soto,* 87 AD2d 618).

The court's *Sandoval* ruling that the People might conduct limited inquiry as to two of the defendant's prior convictions to impeach his credibility was not improper *(see, People v Pollock,* 50 NY2d 547; *People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371; *People v Gill,* 138 AD2d 738; *People v Scott,* 118 AD2d 881).

As the defendant failed to establish that a legal issue exists with regard to his appeal which cannot be resolved by the reconstructed record of the missing transcript of the proceedings on one of the days of trial, reversal on this ground is not warranted *(see, People v Glass,* 43 NY2d 283; *People v Rivera,* 39 NY2d 519; *People v Johnson,* 145 AD2d 572; *People v Suren,* 131 AD2d 896; *People v Smalls,* 116 AD2d 675; *People v Acevedo,* 104 AD2d 946). Thompson, J. P., Brown, Eiber and Balletta, JJ., concur.