Per Curiam.

Following prescribed procedure (see, e.g., People v. Ballott, 20 N Y 2d 600, 607), the trial judge conducted voir dire to determine the admissibility of the complaining witness’ in-court identification. It is our conclusion that the record clearly and convincingly supports his finding that the witness’ ability to recognize the defendant was not the product of, or affected by, either the photographs she saw or by the showup in the corridor of the courthouse prior to the trial. (See, e.g., People v. Ballott, 20 N Y 2d 600, 606-607, supra; People v. Brown, 20 N Y 2d 238, 243-244; see, also, Stovall v. Denno, 388 U. S. 293, 301-302.) It was made known to the jury that the witness had previously identified the defendant by means of photographs exhibited to her by the police, and this is also urged as a ground for reversal. (See, e.g., People v. Baker, 23 N Y 2d 307, 322; People v. Christman, 23 N Y 2d 429, 433; People v. Caserta, 19 N Y 2d 18, 21; People v. Cioffi, 1 N Y 2d 70, 73.) Since this fact was first elicited by the defendant’s own counsel upon cross-examination, the question of its admissibility against the defendant has not been preserved for our review and there is no occasion to reconsider, as requested by the District Attorney, the rule stated in those cases.
We have examined the other arguments advanced by the defendant and find them without merit.
The judgment appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen, concur.
Judgment affirmed.