Memorandum. Order of the Appellate Division reversed, the judgment vacated, and a new trial ordered. The trial court abused its discretion by denying several applications for a psychiatric examination of defendant’s capacity to stand trial (CPL 730.30, subd 1). At trial, defendant made several incoherent outbursts, which, taken together, placed defendant’s competence in doubt. The District Attorney concedes that there should be a hearing to determine defendant’s competence at trial, but resists the ordering of a new trial. A new trial must be ordered because with the passage of time, it has been held, it is too difficult to make a retrospective determination of trial competence (Drope v Missouri, 420 US 162, 183 [a five-year period]; Pate v Robinson, 383 US 375, 387 [six years]; Dusky v United States, 362 US 402, 402-403 [over one year]; cf. People v Hudson, 19 NY2d 137, 140, cert den 398 US 944, and People v Gonzalez, 20 NY2d 289, 295, 296, cert den 390 US 971, in each of which, however, there had been examinations to determine competence at time of trial).
On defendant’s contention that the witness victim’s in-court identification was inadmissible the issue is beyond review in this court, it having been found below on sufficient evidence that the witness had an independent recollection (cf. People v Carter, 30 NY2d 279; People v Beyer, 25 NY2d 833, 835).