(July 14, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROLDAN, Appellant. — Appeal from the judgment of the Supreme Court, New York County (Dickens, J.), rendered April 7 1981, convicting the defendant after a jury trial of kidnapping in the second degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree and sentencing him accordingly, held in abeyance and matter remanded for a hearing to settle the transcript in accordance with this memorandum. At trial, the defendant raised the defense that he was not criminally responsible for his conduct as a result of mental disease or defect (Penal Law, § 30.05). As mandated by CPL 300.10 (subd 3), the trial court was required to give the following instruction: " 'A jury during its deliberations must never consider or speculate concerning matters relating to the consequences of its verdict. However, because of the lack of common knowledge regarding the consequences of a verdict of not responsible by reason of mental disease or defect, I charge you that if this verdict is rendered by you there will be hearings as to

the defendant's present mental condition and, where appropriate, involuntary commitment proceedings.'" However, the portion of the record covering this mandated instruction does not follow the statutory language verbatim. Instead, the trial court gave the following instruction; the aberrations from the strict language of the statute have been bracketed for emphasis: "A [juror] during the deliberations must never consider or speculate concerning matters relating to the consequences of its verdict. However because of the lack of common knowledge regarding the [conditions] of a verdict of not responsible by reason of mental disease or defect I charge you that if this verdict is rendered by you there will be [no] hearings as to the defendant's present mental condition and [the] appropriate involuntary commitment proceedings." These brief comments may be made upon the four instances of diversion from the statutory language. The substitution of the word "juror" for "jury" is not significant because the over-all meaning of the instruction is not changed. The substitution of the word "conditions" for "consequences" does substantially alter the meaning of that part of the instruction. Likewise, the insertion of the word "no" totally changes the thrust of the entire instruction. The insertion of the word "the" and the omission of the word "where" add further confusion to an already distorted charge. As one of the points in his brief, defendant stresses that the word "no" has been erroneously included in the instruction. Inexplicably, the defendant does not raise another obvious error on that same page in the transcript. In summarizing the testimony of the prosecution's psychiatrist, Dr. Herman, the court states: "If on the other hand you accept the opinion of Dr. Herman that the defendant didn't know the nature and consequences of his act or that such acts were wrong beyond a reasonable doubt you would then move to consider the alleged crimes of kidnapping, possession of a weapon and unlawful imprisonment in the first degree." In the above excerpt, the trial court seemingly uses the word "didn't" instead of the word "did". As a result of this apparent misuse of language, the jury is directed to consider the defendant's guilt on the charged crimes even if they found him not responsible by reason of insanity. The difficulty in the present appeal arises from the fact that trial counsel for the defendant did not object or except to these very glaring errors. Of course, these are errors that we may consider under our "interest of justice" jurisdiction (CPL 470.15, subd 6). The prosecution maintains that the trial court gave a correct instruction under CPL 300.10 (subd 3). It further contends that the record contains stenographical error on that part of the charge. Since the defendant never refers in his brief to the patent error in the court's synopsis of Dr. Herman's testimony, the prosecution's brief is silent upon this point. The present transcript has been certified by a court reporter. It has never been settled by the trial court (CPL 460.70). Since the accuracy of the transcript has been placed in question, the appeal must be held in abeyance and the matter must be remanded for a hearing to settle the record (*People v Carney*, 73 AD2d 9). Although the Justice who presided at trial is now retired, he may and should settle the transcript in this case (Judiciary Law, § 7-a; *People v Carney, supra*). Concur — Murphy, P. J., Ross and Asch, JJ.

Sandler and Sullivan, JJ., dissent in a memorandum by Sullivan, J., as follows: We do not believe that any useful purpose would be served by a remand. The trial took place over two years ago, and the likelihood of the Trial Judge remembering whether he used the word "conditions" instead of "consequences", or erroneously inserted the word "no" or substituted "didn't" for "did", is minimal, if not nonexistent. More importantly, inasmuch as defense counsel did not object or request clarification of the charge, the probability is that the charge was not incorrectly given, but rather inaccurately recorded. The Judge was reading directly from CPL 300.10 (subd 3) so that the more likely explanation for the confusion is stenographic error in the transcription.

Such an obvious misstatement of the consequences of a finding of not guilty by reason of mental disease or defect would undoubtedly have prompted an objection by defense counsel, and perhaps even the prosecutor, if, indeed, the Judge himself did not correct his mistake. In any event, one might argue that the literal implication of the full clause "there will be no hearings as to the defendant's present mental condition and the appropriate involuntary commitment proceedings" is that defendant would have been committed without a hearing if found not guilty by reason of insanity. Thus, even if the error be the Judge's and not the stenographer's, rather than be prejudiced, defendant would have benefited from the entire charge, since it gave the jury the motivation to find him not guilty with the knowledge that he would still be incarcerated. However, we need not explore the nuances of the charge, and the meanings of each word. The clear import is that the stenographer erred, but even if the Judge misspoke, that the jury understood what the Judge meant. Nor do we believe that the court's summary of the testimony of Dr. Herman indicates anything other than stenographic error. A reading of the entire portion makes clear that the offending word "didn't" was transcribed erroneously, because in the full context the court correctly communicated to the jury the essence of Dr. Herman's testimony: "The people called in rebuttal Dr. Herman who testified that in his opinion the defendant at the time of the incident did not lack substantial capacity to know or appreciate the nature and consequences of his conduct and that his conduct was wrong. Such testimony is submitted to you to assist you in your deliberations. No such testimony is binding upon you. You are not required to accept such testimony nor are you to disregard it promiscuously. If you accept the reasoning and opinion of Dr. Goldstein and you can conclude that due to the defendant's condition he did not know the nature and consequences of his act or that his conduct was wrong then you must find the defendant not responsible by reason of such condition. If on the other hand you accept the opinion of Dr. Herman that the defendant *didn't* know the nature and consequences of his act or that such acts were wrong beyond a reasonable doubt you would then move to consider the alleged crimes of kidnapping, possession of a weapon and unlawful imprisonment in the first degree" (emphasis supplied). Moreover, the jurors themselves heard Dr. Herman, and knew his opinion regarding defendant's competency. Reason dictates that the appendage of a contraction to the word "did" would not erase the gist of Dr. Herman's testimony. The conviction should be affirmed.