■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO MARTINEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered May 25, 1982, convicting him of manslaughter in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Appeal held in abeyance and matter remitted to the Supreme Court, Kings County, for a hearing on defendant's motion to resettle the transcript of his trial, in accordance herewith. Criminal Term shall determine the motion and shall file its report and a resettled transcript with all convenient speed.

On April 3, 1981, Pablo Vasquez was fatally stabbed on a Brooklyn street. Defendant was charged in indictment No. 1706/81 with the crimes of manslaughter in the first degree and assault in the second degree emanating from this incident and was convicted of both charges after a jury trial. He maintains on appeal that his alleged absence from the courtroom during supplemental jury instructions was fatal to the verdict.

On the eve of oral argument of this appeal, defendant moved in this court for leave to supplement the record on appeal with the affidavits of himself, his wife and a third person who claimed to have been present at trial. All three affidavits purport to establish that defendant, who had been confined to a holding area after having been remanded to custody shortly after the jury retired to deliberate, was not in the courtroom when the jury asked for and received supplemental instructions. Without passing on the merits of defendant's application, we note that the instant motion was improperly addressed to this court. The record contains no indication as to whether defendant was present or absent from the courtroom when the supplemental instructions were given and the parties are obviously not in agreement on this point. Under the circumstances, defendant's remedy was to move before the Trial Justice to resettle the transcript to accurately reflect what transpired (see, 22 NYCRR 670.16 [b]; CPLR 5525 [c]). Accordingly, we deem the motion to supplement the record to be a motion for resettlement of the transcript and refer it to the Trial Justice, who shall determine whether the defendant was present or absent during the proceedings in question and shall resettle the transcript thereof accordingly. In the interim, the appeal shall be held in abeyance. Brown, J. P., O'Connor, Weinstein and Kunzeman, JJ., concur.