■ The People of the State of New York, Respondent, v Ray Laracuente, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered February 23, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a hearing to settle the transcript, in accordance herewith, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report and a settled transcript with all convenient speed.

On appeal, the defendant asserts, *inter alia*, that the trial court's instructions to the jury contained numerous confusing and erroneous statements of law, the ultimate effect of which was to deprive him of a fair trial. Our initial review of the record reveals that the trial court's charge with respect to the elements of murder in the second degree *(see,* Penal Law § 125.25 [1]), manslaughter in the first degree *(see,* Penal Law § 125.20 [1]), manslaughter in the second degree *(see,* Penal Law § 125.15 [1]) and criminally negligent homicide *(see,* Penal Law § 125.10) and more critically, the distinctions among them, contained patently erroneous statements including, e.g., that "manslaughter in the second degree, [requires] intentionall *[sic]* infliction of serious physical injury causing death".

The perplexing nature of these instructions becomes evident when viewed in the context in which they arose: they were contained within an extensive and largely accurate charge, and trial counsel for the defendant did not object or except to these very glaring errors.

Subsequent to the oral argument of this appeal, the People, apparently prompted by this court's inquiries regarding the accuracy of the trial transcript, which had been neither certified by a court reporter nor settled by the trial court *(see,* CPL 460.70), sought permission, in a letter to the court pursuant to this court's rules *(see,* 22 NYCRR 670.22 [g]), to address the issue. An affidavit executed by the court reporter attesting that a number of discrepancies existed between her notes and the portions of the charge which she examined, and a designation of the corrections was submitted therewith.

Upon reargument, the People requested that we accept their proffered affidavit attesting to the corrections in the

transcript and urged that the defendant's conviction be affirmed since the affidavit revealed that the trial court correctly instructed the jury. The People alternatively requested that the matter be remitted for a settlement hearing at which the court reporter could testify as to the transcription errors. Defense counsel reiterated its position that reversal was warranted, the proposed corrections in the transcript notwithstanding.

While we acknowledge that the People were remiss in the satisfaction of their obligation to ensure the accuracy of the transcript and that the procedurally proper course would have been to move before the Trial Justice to settle the transcript to accurately reflect what transpired (see, 22 NYCRR 670.16 [b]; 699.10; CPLR 5525 [c]; People v Martinez, 115 AD2d 768), our concerns regarding the potential prejudice which may result to both parties, i.e., the defendant, inasmuch as his claims are not preserved and are thus subject to review only by virtue of the exercise of this court's "interest of justice" jurisdiction (see, CPL 470.15 [6] [a]); and the People, since an otherwise unwarranted reversal may result, compel us to conclude that a proper resolution of the issues may be had only subsequent to the settlement of the transcript, upon an accurate record. Indeed, this court long ago declared that "[a] party to an appeal is entitled to have his case show the facts as they really happened on the trial, and should not be prejudiced by an error or an omission of the stenographer" (People v Buccufurri, 154 App Div 827, 828). Thus, despite the procedurally irregular course which this appeal has taken, we conclude that the appeal must be held in abeyance and the matter must be remitted to the Trial Justice for a hearing to settle the transcript, so that the appeal will not be decided on the basis of an obviously incorrect transcript (see, People v Martinez, supra; People v Roldan, 96 AD2d 476, affg after remittal 99 AD2d 410, affd 64 NY2d 821; People v Carney, 73 AD2d 9, revd on other grounds 58 NY2d 51). Mollen, P. J., Weinstein and Kooper, JJ., concur.

Bracken, J., dissents and votes to reverse the judgment, on the law and as a matter of discretion in the interest of justice, and dismiss the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726), with the following memorandum, in which Lazer, J., concurs: The defendant took a timely appeal to this court from a judgment of the Supreme Court, rendered February 23, 1984, in Kings County, convicting him of manslaughter in the first degree, upon a jury

verdict, and imposing sentence. Thereafter, by order dated September 21, 1984, this court granted the defendant's motion for leave to prosecute the appeal as a poor person. The order directed, *inter alia,* that the appeal be heard on the original papers, including a typewritten certified transcript of the stenographic minutes; that a copy of such transcript be furnished by the trial court to the defendant's attorney; and that, upon serving his brief on the District Attorney, defense counsel serve his copy of the transcript on the District Attorney as well.

The defendant's brief was filed and served on the District Attorney on March 19, 1986, together with a note of issue designating the June 1986 term of this court for the argument of the appeal. Among the arguments contained in the brief was one in which the defendant contended that he had been deprived of a fair trial because of incorrect and confusing instructions delivered by the trial court regarding the definitions of the various crimes submitted to the jury.

The last day for the filing of the respondent's brief for the June 1986 term was April 18, 1986. The District Attorney filed and served a brief on August 27, 1986, more than four months after the deadline and more than five months after the filing and service of the defendant's brief. In the brief, the District Attorney argued that the challenge to the trial court's charge had not been preserved for appellate review and, in any event, the charge, viewed in its entirety, adequately explained the applicable principles of law to the jury. Although the People acknowledged that the charge did contain certain "misstatements" and remarks which were confusing and without any apparent meaning, the People made no suggestion that the transcript of the stenographic minutes of the charge was inaccurate.

By letter dated October 1, 1986, six days after the date on which the appeal was argued in this court, the Assistant District Attorney handling the appeal advised the Presiding Justice of this court that he had contacted the court stenographer who had recorded the trial court's charge and had asked her to compare her original stenographic notes with the transcript. As a result, the stenographer had discerned a number of inaccuracies in the transcript of the charge. Annexed to the prosecutor's letter was an affidavit by the stenographer, in which she enumerated the various errors, and a "corrected" transcript of the pertinent portions of the charge. The prosecutor stated in his letter that the charge, as corrected, could not have deprived the defendant of a fair trial.

The prosecutor did suggest, however, that in the event that the affidavit of the stenographer did not provide a sufficient basis for correcting the transcript, this court should then remit the matter to the trial court for a hearing and settlement of the transcript.

In response to the foregoing, the defendant's attorney submitted a letter to the Presiding Justice, dated October 8, 1986, in which it was argued that the charge, even as corrected, remained so flawed as to constitute reversible error.

Upon the foregoing facts, I cannot concur with the determination of my colleagues of the majority that the People are now entitled to settle and, in effect, correct the transcript at this late date.

The procedures governing the settlement of transcripts in criminal appeals are by no means clear. Generally, the manner in which a criminal appeal is to be perfected by court rule (see, CPL 460.70 [1]), and our rules provide that the provisions of the CPLR and of the rules themselves, which are applicable to appeals in civil cases, shall, as far as practicable, be applicable to appeals in criminal cases as well (see, 22 NYCRR 670.16 [b]). In civil appeals, our rule (see, 22 NYCRR 670.8 [d]) provides that the transcript shall be settled in compliance with CPLR 5525 or section 699.10 of the rules (see, 22 NYCRR 699.10). In substance, those provisions require the appellant to serve the respondent with a copy of the transcript, together with proposed amendments, within 15 days after receipt thereof. Within 15 days after such service, the respondent must serve any proposed amendments or objections upon the appellant. Thereafter, if the parties are unable to agree on the proposed amendments to the transcript, either party may, upon notice to the adversary, submit the transcript and the proposed amendments and objections to the Judge before whom the proceedings were had for settlement and certification. Finally, where the respondent fails to respond within the prescribed period of time after service by the appellant of the transcript and proposed amendments, if any, the transcript and amendments shall be deemed correct (see, CPLR 5525 [c]; 22 NYCRR 699.10).

It appears, however, that the procedures contained in CPLR 5525 and section 699.10 of our rules have not heretofore been applied in criminal appeals to this court. As a matter of practice, the respondent District Attorney is not served with a copy of the transcript until the appellant perfects the appeal by serving and filing his brief. This is particularly so where, as

here, the court grants leave to prosecute the appeal as a poor person on original papers and a typewritten transcript, and we direct the defendant's counsel to serve his copy of the transcript on the District Attorney at the time he serves his brief. Thus, there is no indication in this record that the defendant ever availed himself of the procedures prescribed in CPLR 5525 or 22 NYCRR 699.10 by serving a copy of the transcript on the District Attorney within 15 days after receipt thereof for the purpose of settlement. We cannot say, therefore, that the transcript must be deemed correct because of the District Attorney's failure to have timely responded.

Nevertheless, it is clear that the District Attorney was in possession of the transcript for more than five months before filing a brief. During that time, although the prosecutor was aware that the defendant was raising an argument regarding the correctness of the trial court's charge, no effort was made to ascertain the accuracy of that portion of the transcript containing the charge. To the contrary, the prosecutor apparently assumed that the transcript was correct and filed a brief in which he argued that the charge, as it appeared in the transcript, was adequate. Although this court has discretion to permit a party to move for settlement of a transcript even after that party has filed its brief (see, People v Martinez, 115 AD2d 768), I conclude that, under the facts and circumstances of this case, the District Attorney must be precluded from moving for settlement or resettlement of the transcript as a matter of judicial policy. To permit the District Attorney to obtain such relief at this late juncture in the appellate process, after having filed a brief and argued the appeal, is to invite other litigants in our court to belatedly move for similar relief whenever it appears on the basis of the record filed that the likelihood of success on the appeal is doubtful.

I also note that by acting on the basis of correspondence of counsel mailed and received after the argument of this appeal, the majority appears to be willing to ignore the provision of this court's rules which expressly prohibits the acceptance of briefs, letters or other communications after the argument or submission of an appeal without permission of the court (see, 22 NYCRR 670.22 [g]).

Accordingly, I dissent from the majority's determination to hold the appeal in abeyance and to remit the case to the trial court for settlement of the transcript. I would determine the appeal on the merits on the basis of the transcript filed in this court and, until recently, accepted as accurate by both parties. Upon reaching the merits, I would cast my vote for reversal,

as a matter of discretion in the interest of justice, upon the ground that the charge was inaccurate, confusing and misleading to the jury and dismiss the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726).