█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY LARACUENTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered February 23, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. By order of this court dated December 31, 1986, the matter was remitted to the Supreme Court, Kings County, for a hearing to settle the transcript, and the appeal was held in abeyance in the interim *(see, People v Laracuente,* 125 AD2d 705). Criminal Term has now filed its report, and the transcript is settled.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]); the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

This matter returns to this court after having been remitted, by an order dated December 31, 1986 *(People v Lara-*

*cuente, supra),* for a hearing to settle the transcript, the appeal having been held in abeyance in the interim. The circumstances underlying this appeal may be briefly stated. The defendant's challenge to his conviction was predicated, *inter alia,* upon the sufficiency of the court's charge to the jury. Having concluded that the charge contained "very glaring errors", a finding particularly troublesome in light of the absence of any objections by the defense counsel, and after having considered an affidavit executed by the court reporter and submitted by the People attesting to numerous discrepancies between the transcript as filed and her stenographic notes, we concluded that the transcript was "obviously incorrect" and thus inadequate inasmuch as a fair resolution of the appeal could not be had thereon *(People v Laracuente, supra,* at 705, 706). A majority of this court determined that remittitur to the Supreme Court, Kings County, was the appropriate vehicle for resolution of this difficulty.

A settlement hearing was held before the Trial Justice, at which time the court reporter testified as to the events leading to her execution of the affidavit submitted to this court and admitted into evidence at the hearing. As directed by the appellate prosecutor, she compared certain lines of the transcript with her stenographic notes, transcribed by one other than herself, whereupon she discovered several inconsistencies of which she apprised the prosecutor. He, in turn, prepared an affidavit for her signature, noting the substantive changes to be made in the transcript. She further explained that after having signed the affidavit, she had returned her notes to their storage place, only to discover, when attempting to retrieve them for both examination by defense counsel and use at the hearing, that they were missing. She had no independent recollection of what had actually transpired at the trial three years earlier.

The Trial Justice thereafter proceeded to settle the transcript, acknowledging that while he "retain[ed] memory of the nature of the case", he had no independent recollection of the trial, having tried in excess of 200 cases since.

The court subsequently effectuated extensive revisions of the charge, derived from the stenographer's affidavit, the court's typewritten charge and handwritten notes, the verdict sheet and other unspecified sources. For the most part, the court did not specify the derivation of the changes. Moreover, it selectively incorporated the corrections delineated in the stenographer's affidavit, accepting some and rejecting others.

Furthermore, a second hearing was necessitated in order to clarify certain changes indicated at the first hearing.

What ultimately resulted was a nearly flawless charge, the product of a multitude of revisions, including the correction of various phrases and words and spelling and grammatical errors.

Under these circumstances, where the subject revisions were made despite the absence of any recollections of the trial and, in certain instances, the absence of notes, and the charge was otherwise tailored to conform to the trial court's pattern charge, we are compelled to question whether the transcript accurately reflects what transpired at trial.

While the absence of stenographic notes does not, in and of itself, foreclose the achievement of resettlement objectives *(see, People v Glass,* 43 NY2d 283; *People v Rivera,* 39 NY2d 519), the unavailability of the notes in this case takes on greater significance inasmuch as the settlement efforts have yielded a transcript markedly different from that originally filed. Moreover, the Trial Justice's admitted inability " 'to settle the case according to his own recollection of what occurred' " *(Ditmas v McKane,* 87 App Div 54, 56, quoting *Grossman v Supreme Lodge,* 22 NY St Rep 522), particularly significant in the resettlement context since "the existence of harmful error in a charge may at times turn on words of art or the exact phrasing in which it occurred" *(People v Glass, supra,* at 287), was not and, in this unique situation, could not be rectified by reference to the Judge's pattern charge or notes in light of the serious issues raised by the parties. The defendant's position is not that the trial court's knowledge of the law, and, thus, its prepared instructions for the jury, were deficient, but that the Judge may have inadvertently misspoken in issuing the charge. The People, however, maintain that the errors contained within the charge as originally transcribed were not attributable to the trial court, but to the erroneous transcription of the stenographic notes by one other than the court stenographer.

We are presented with a settled transcript, the accuracy of which is dubious, and which is incapable of satisfactorily establishing the instructions actually heard by the jury. Consequently, we must decide the appeal upon the record as originally filed and reverse.

In light of our determination, we do not address the remainder of the defendant's contentions. Mollen, P. J., Bracken, Weinstein and Kooper, JJ., concur.