■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY DUGGINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 25, 1983, convicting him of kidnapping in the first degree, robbery in the first degree (two counts), burglary in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated February 8, 1988, this court remitted the matter to the Supreme Court, Kings County, to hear and report on the issue of whether the defendant was competent

to stand trial, and the appeal has been held in abeyance in the interim *(People v Duggins,* 137 AD2d 613). The hearing has been held (Miller, J.), and the findings have been received.

Ordered that the judgment is affirmed.

We agree with the determination of the Supreme Court, Kings County, that the defendant was competent to stand trial *(see,* CPL 730.10 [1]; *People v Allen,* 135 AD2d 823; *People v Breeden,* 115 AD2d 484).

Turning to the defendant's other contention, under the circumstances, the complainant's viewing of the defendant's photograph was confirmatory and not an identification, since the defendant had previously been identified by her at the time of his arrest *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Boyd,* 140 AD2d 704).

We have considered the defendant's remaining claims, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved or without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.