■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered July 6, 1988, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Prior to the commencement of the *Sandoval* and *Wade* hearings, defense counsel informed the court that he was having a communication problem with the defendant who refused to speak with him. After jury selection had commenced, the court was informed that the defendant had slashed his wrists, the wounds were superficial and that the defendant was in an "emotional condition". Rather than

ordering a competency examination pursuant to CPL article 730, the court adjourned the trial for one day and arranged to have the defendant examined by a psychiatrist.

After the examination, the court noted for the record that it was the psychiatrist's opinion that the defendant was competent to stand trial. The court therefore directed that the trial proceed. Defense counsel's communication problems with the defendant continued throughout the trial.

Once the trial court had made a threshold determination that the defendant's conduct warranted an examination, it should have strictly followed the competency procedures mandated by CPL 730.20 (1). The failure to comply with the statute deprived the defendant of the right to a full and fair determination of his mental capacity to stand trial *(see, People v Armlin,* 37 NY2d 167; *People v Mullins,* 137 AD2d 227; *People v Mulholland,* 129 AD2d 857).

We find that reconstruction of the defendant's mental capacity to stand trial is not possible in this case *(cf., People v Arnold,* 113 AD2d 101, 107). Therefore, we have reversed the judgment and ordered a new trial *(see, People v Peterson,* 40 NY2d 1014).

As to the defendant's claim of ineffective assistance of counsel, we find that the defendant failed to show that he was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.