■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO SMITH, Appellant. [670 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered August 22, 1994, convicting him of criminal possession of a weapon in the third degree, reckless endangerment in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

While the absence of a stenographic record does not, *per se,* require reversal, a defendant's conviction will be reversed if he can show that he has been prejudiced by its absence (*see, People v Harrison,* 85 NY2d 794; *People v Glass,* 43 NY2d 283; *People v Fearon,* 13 NY2d 59). Further, "when a record cannot be reconstructed because of the lapse of time, the unavailability of the participants in the proceeding or some similar circumstance, there must be a reversal" (*People v Harrison, supra,* at 796; *see, People v Glass, supra*).

Here, a large portion of the trial transcript, including the first and second rounds of the voir dire, is missing. At the reconstruction hearing, the Judge who presided over the defendant's trial, the defense attorney, and the prosecutor all indicated that they had no independent recollection of the first and second rounds of voir dire. Significantly, none of them could recall if any *Batson* or reverse-*Batson* challenges (*see, Batson v Kentucky,* 476 US 79) were made by either side. This Court is unable to determine if the proceeding was free of substantive error and prejudice to the defendant and reversal of the conviction and a new trial are therefore necessary.

As the issue is likely to arise in the new trial, we note that the defendant's contention that the trial court's *Sandoval* ruling was an improvident exercise of discretion is without merit (*see, People v Walker*, 83 NY2d 455). Copertino, J. P., Altman, Florio and Luciano, JJ., concur.