■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALDOUN HUSSARI, Appellant. [774 NYS2d 725]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 31, 2001, convicting him of criminal contempt in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on whether the defendant was competent to stand trial with all convenient speed in accordance herewith; and it is further,

Ordered that the appeal is held in abeyance in the interim.

The trial court ordered a competency examination pursuant to CPL article 730. However, no examination was ever performed, no competency hearing was held and the court proceeded to trial without a determination on the defendant's competency to stand trial.

Once the trial court made a threshold determination that the defendant's conduct warranted an examination, it should have followed the procedures mandated by CPL article 730. The fail-

ure to comply with the statute deprived the defendant of the right to a full and fair determination of his mental capacity to stand trial (see *People v Armlin*, 37 NY2d 167 [1975]; *People v Torres*, 162 AD2d 482, 483 [1990]; *People v Mullins*, 137 AD2d 227, 232 [1988]). We find, however, that the requirements of CPL article 730 may be satisfied by a reconstruction hearing (see *People v Hudson*, 19 NY2d 137 [1967], *cert denied* 398 US 944 [1970]; *People v Mulholland*, 129 AD2d 857 [1987]; *People v Arnold*, 113 AD2d 101 [1985]). By decision and order on motion dated February 25, 2004, this Court granted, on consent, the People's motion to enlarge the record on appeal to include, among other things, certain of the defendant's medical and psychiatric records. A review of those medical and psychiatric records, as well as the trial record in this case, indicates that a meaningful inquiry into the defendant's competency can be made (see *People v Hudson, supra; People v Mulholland, supra; People v Arnold, supra*). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant was competent to stand trial.

We decide no other issues raised by the defendant at this time. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.