█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALDOUN HUSSARI, Appellant. [794 NYS2d 64]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 31, 2001, convicting him of criminal contempt in the first degree (three counts), upon a jury verdict, and imposing sentence. By decision and order dated March 22, 2004 [5 AD3d 697], the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, to hear and report on whether the defendant was competent to stand trial.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that on the Court's own motion, the "report" of the Supreme Court, Kings County, dated December 22, 2004, is rejected.

When "a record cannot be reconstructed because of the lapse of time, the unavailability of the participants in the proceeding or some similar circumstance, there must be a reversal" (*People v Smith,* 248 AD2d 568 [1998], quoting *People v Harrison,* 85 NY2d 794, 796 [1995]). Here, at the reconstruction hearing ordered by this Court (*People v Hussari,* 5 AD3d 697 [2004]), the People conceded that there were no contemporaneous psychiatric reports of the defendant's mental condition at the time of trial to determine his competency to stand trial. Since reconstruction of the defendant's mental capacity to stand trial is not possible in this case, we reverse the judgment and order a

new trial (*see People v Peterson*, 40 NY2d 1014 [1976]; *People v Torres*, 162 AD2d 482 [1990]).

The Supreme Court erred in determining that the defendant was not competent to stand trial following its finding that reconstruction was not possible. The court should only have reported to this Court its finding that reconstruction was not possible. Accordingly, the Supreme Court's "report" dated December 22, 2004, stating that the defendant was not competent to stand trial must be vacated.

The defendant's remaining contentions on appeal are without merit. Adams, J.P., Cozier, Krausman and Crane, JJ., concur.