■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILE MOREAU, Appellant. [824 NYS2d 123]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J), rendered March 9, 2004, convicting him of arson in the first degree, attempted murder in the second degree, conspiracy in the second degree, insurance fraud in the second degree, criminal solicitation in the second degree, reckless endangerment in the first degree, and assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

To the extent that the defendant's argument was preserved for appellate review, the prosecutor's comments during summation did not deprive the defendant of a fair trial (*see People v Portalatin,* 18 AD3d 673 [2005]).

The defendant's argument that he was not present during the *Sandoval* hearing (*see People v Sandoval,* 34 NY2d 371 [1974]) is belied by the record, which reveals that no *Sandoval* hearing was held.

The defendant also asserts that significant portions of the trial transcript are missing or are out of order. However, the defendant's remedy was to move before the trial court to resettle the transcript (*see People v Laracuente,* 125 AD2d 705 [1986]; *People v Martinez,* 115 AD2d 768 [1985]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review (*see* CPL 470.05 [2]). Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.