■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RIVERS, Appellant. [844 NYS2d 201]—

Appeal from judgment, Supreme Court, New York County (James A. Yates, J., at CPL article 730 proceedings; Ronald A. Zweibel, J., at jury trial and sentence), rendered July 14, 2004, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, held in abeyance, and the matter remanded to Supreme Court, New York County for a hearing as to whether defendant was an incapacitated person at the time of his trial, in accordance with the decision herein.

The court had no discretion to dispense with a competency hearing where it had issued an order of examination pursuant to CPL 730.30 (1) and the two psychiatrists who examined defendant both found him *unfit* to proceed to trial due to mental illness, even though neither the court, defendant, nor the District Attorney moved for a competency hearing. While a finding of incompetency may be *confirmed* on consent without a hearing, the statute does not provide for *controverting* the psychiatrists' finding in that manner (*see* CPL 730.30 [3]; *see also* CPL 730.50 [1]). "[O]nce the procedures of CPL article 730 have been invoked by the court, those procedures must be strictly followed in order to ensure that the defendant receives a full and impartial determination of his [or her] mental capacity" (*People v Pena*, 251 AD2d 26, 30 [1998], *lv denied* 92 NY2d 929 [1998]).

We reject the People's argument that defendant waived compliance with the statute by declaring himself fit to proceed to trial, notwithstanding the results of the examinations. "[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial" (*Pate v Robinson*, 383 US 375, 384 [1966]). We find this principle to be applicable to the statutory violation at issue here.

However, we reject defendant's argument that he is entitled to a new trial. Only three years have passed since the conviction, the psychiatrists examined defendant less than a year before the trial, and one or more Supreme Court Justices, as well as other persons, observed defendant's conduct at trial and other court appearances. Accordingly, it is constitutionally permissible to conduct a hearing for the purpose of reconstruct-

ing defendant's competency at the time of the trial (*see People v Pena*, 251 AD2d at 31; *People v Duggins*, 137 AD2d 613 [1988]). The hearing should be conducted before a Justice other than those who may be able to testify as to defendant's mental condition as reflected in his behavior during court appearances. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.