■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAMIE JEFFERSON, Appellant. [876 NYS2d 153]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered January 30, 2007, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Richmond County, to hear and report on the issue of whether the defendant was competent at her plea allocution and sentencing, and the appeal is held in abeyance in the interim. The Supreme Court, Richmond County, shall file its report with all convenient speed.

At her plea proceeding, when the Supreme Court inquired of the defendant as to whether she was at that time under the influence of drugs, she responded, "Yeah, I just came from the psychiatric ward." The court failed to follow up on this, but rather immediately asked her whether she fully understood all

the questions it had asked, to which she responded, "Yeah." Thereafter, when the court asked the defendant if it was clear to her what was going on, she responded, "I'm confused." When the court further asked her what she was confused about, and she responded, "I don't know. I'm depressed." The court then simply asked the defendant if her depression stopped her from understanding the proceedings, to which she responded, "No." At that point, and without further inquiry of defense counsel as to the defendant's mental state, the court proceeded to accept the defendant's plea of guilty.

This was error. The defendant's responses raised a serious question as to her competency, and it cannot be determined from the record whether the defendant in fact was competent at her plea allocution and sentencing. Accordingly, we remit this matter to the Supreme Court, Richmond County, to hear and report on the issue of whether the defendant was in fact competent at her plea allocution and sentencing (*see* CPL 730.30; *People v Hussari,* 17 AD3d 483 [2005]; *People v Hussari,* 5 AD3d 697 [2004]; *People v Duggins,* 137 AD2d 613 [1988]). Skelos, J.P., Ritter, Florio and Miller, JJ., concur.