■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KINGS, Appellant. [954 NYS2d 475]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered February 4, 2008, convicting him of burglary in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence. By decision and order on motion of this Court dated October 14, 2010, the matter was remitted to the Supreme Court, Kings County, for a reconstruction hearing with respect to those proceedings conducted in this matter on October 1, 2007, which could not be transcribed, and thereafter to report to this Court with all convenient speed, and the appeal was held in abeyance. The Supreme Court has now submitted its report.

Ordered that the judgment is affirmed.

On the defendant's appeal from a judgment of conviction, this Court, in a prior decision and order on motion, remitted the matter to the Supreme Court for a reconstruction hearing with respect to certain proceedings that could not be transcribed. The defendant now contends that the reconstruction hearing was inadequate to protect his right of appeal. A presumption of validity and regularity attends all judgments of conviction (*see People v Williams*, 29 NY2d 882 [1972]), and that presumption may only be rebutted by substantial evidence to the contrary (*see People v Andino*, 183 AD2d 834 [1992]; *People v Smalls*, 116 AD2d 675, 676 [1986]; *see also People v Glass*, 43 NY2d 283, 287 [1977]). Moreover, "unless minutes 'have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated' " (*People v Glass*, 43 NY2d at 285-286, quoting *People v Rivera*, 39 NY2d 519, 523 [1976]). Thus, it is the defendant's burden to demonstrate that genuine appealable issues exist, and that alternative methods of providing an adequate record are not available, before the defendant is entitled to reversal of his conviction (*see People v Andino*, 183 AD2d 834 [1992]; *People v Smalls*, 116 AD2d at 676; *see also People v Glass*, 43 NY2d at 287).

Our review of the reconstructed minutes satisfies us that the hearing justice, who also presided at the defendant's trial, adequately reconstructed the missing portions of the record with the aid of both the defense counsel and the prosecutor as well as the court's own notes and other documents. The defendant's speculation that objections might have been made in connection with the prosecutor's summation or the jury charge, but that no one was able to recall them, is insufficient to rebut the presumption of regularity in the proceedings. Thus, the defendant has failed to demonstrate that the reconstruction hearing was inadequate to protect his right of appeal (*see People v Breaziel*, 246 AD2d 310, 310-311 [1998]; *People v Andino*, 183 AD2d at 834-835; *see also People v Mealer*, 57 NY2d 214, 219 [1982], *cert denied* 460 US 1024 [1983]; *cf. People v Jacobs*, 286 AD2d 404, 405 [2001]; *People v Smith*, 248 AD2d 568 [1998]; *People v Laracuente*, 136 AD2d 742, 743-744 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Leventhal, Austin and Roman, JJ., concur.