■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OROSMAN DELSOL, Appellant. [11 NYS3d 111]—

Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered July 22, 2013, which denied defendant's CPL 440.10

motion to vacate a judgment (same court, Irene Duffy, J., at plea; William Wallace III, J., at sentencing), rendered August 14, 1991, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously reversed, on the law, the motion granted, the plea vacated, the full indictment reinstated, and the matter remanded to Supreme Court for further proceedings.

Defendant moved to vacate the judgment pursuant to CPL 440.10 (1) (e) and (h), alleging that he was mentally incompetent at the time of his plea. Defendant submitted reports, dated only about six weeks before his plea, in which two psychiatrists who had examined defendant at Bellevue Hospital under a CPL 730.30 (1) order of examination both found him unfit to proceed to trial due to mental illness. Although a court may not override findings of incompetency by two psychiatrists without conducting a competency hearing (*People v Rivers*, 44 AD3d 391, 392 [1st Dept 2007]), there is no record of a motion to confirm or controvert the findings, or any reexamination, hearing, or even mention of the article 730 examinations. Defendant also expanded the record by way of his own affidavit describing his mental condition at the time of his plea, as well as a report from the psychiatrist who was treating him at the time of the motion.

These unique circumstances cast grave doubt on defendant's competence at the time of his plea. It is well settled that mental incompetency is an inherently unwaivable defect (*Pate v Robinson*, 383 US 375, 384 [1966]). In addition, defendant's claim is closely intertwined with a claim of ineffective assistance of counsel, and the submissions on the motion support a conclusion that counsel rendered ineffective assistance by permitting the plea to go forward without alerting the court to the article 730 examinations. Based on all these considerations, we conclude that the motion was not barred by CPL 440.10 (2) (c).

It is also clear from the passage of time and from information contained in the parties' submissions that it would be impracticable to conduct a hearing for the purpose of reconstructing defendant's competency at the time of the plea. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.