■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILE MOREAU, Appellant. [19 NYS3d 782]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 8, 2006 (*People v Moreau*, 34 AD3d 499 [2006]), affirming a judgment of the Supreme Court, Queens County, rendered March 9, 2004.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PENDELTON, Appellant. [19 NYS3d 782]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered October 18, 2013, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because the County Court failed to sufficiently explain to him all of the constitutional rights that he was waiving upon his plea is unpreserved for appellate review since he did not move to withdraw his plea or otherwise raise this issue before the court (*see* CPL 220.60 [3]; *People v Pollidore*, 123 AD3d 1058 [2014]; *People v Holcombe*, 116 AD3d 1063 [2014]; *People v Franco*, 104 AD3d 790 [2013]). In any event, the defendant's contention is belied by the record, including the court's plea allocution, and the defendant's acknowledgment that he discussed taking the plea with his attorney (*see People v Tyrell*, 22 NY3d 359, 365 [2013]). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.