People v Petty (2025 NY Slip Op 01824)

People v Petty

2025 NY Slip Op 01824

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-02098
 (Ind. No. 2135/18)

[*1]The People of the State of New York, respondent,
v
Joseph Petty, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Michael Tadros, and Jonathan Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia L. Morris, J.), rendered February 11, 2020, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to conduct a reconstruction hearing to determine whether the defendant was competent to stand trial in light of the evidence available on or before February 7, 2019, and thereafter report to this Court as to its determination, and the appeal is held in abeyance in the interim; the Supreme Court, Queens County, shall file its report with all convenient speed.
The defendant was arrested and charged with course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][a]). In December 2018, during preliminary proceedings, the Supreme Court questioned the defendant's competence to proceed and sua sponte ordered examinations pursuant to CPL article 730. Two examiners determined that the defendant was competent while one examiner determined that the defendant was not competent. Although a competency hearing was scheduled for February 7, 2019, the defendant was not produced and no competency hearing was held. Rather, the court ordered "an updated 730 report." In April 2019, after the initial trial judge recused himself, the Supreme Court received two updated examination reports, both of which determined that the defendant was competent at that time. The court allowed the defendant to confirm his fitness, and concluded that the defendant was fit to proceed to trial. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree.
"Article 730 of the Criminal Procedure Law sets out the procedures courts of this State must follow in order to prevent the criminal trial of [an incompetent] defendant" (People v Tortorici, 92 NY2d 757, 759, cert denied 528 US 834). The CPL expressly provides that "[w]hen the examination reports submitted to the court show that the psychiatric examiners are not unanimous in their opinion as to whether the defendant is or is not an incapacitated person . . . the court must conduct a hearing to determine the issue of capacity" (CPL 730.30[4]; see People v Vandegrift, 170 AD3d 1327, 1328). "That section is mandatory and not discretionary" (People v McCabe, 87 AD2d 852, 852).
Here, once the Supreme Court made a threshold determination that the defendant's conduct warranted an examination, it should have followed the procedures mandated by CPL article 730. The failure to comply with the statute deprived the defendant of the right to a full and fair determination of his mental capacity to stand trial (see People v Hussari, 5 AD3d 697, 697-698; People v Torres, 162 AD2d 482, 483). We find, however, that the requirements of CPL article 730 can be satisfied by a reconstruction hearing, as the trial records indicate that a meaningful inquiry into the defendant's competence can be made (see People v Hussari, 5 AD3d at 698). We note that, after two examiners determined that the defendant was competent and one examiner determined that the defendant was not competent in December 2018, the court should not have ordered updated examination reports, since that is not permissible under CPL article 730. The court was required to proceed to a competency hearing based on the December 2018 examination reports (see CPL 730.30[4]). As such, any reports or evidence regarding the defendant's competence that were received after February 7, 2019, the date on which the competency hearing was scheduled to be held, should not be considered. Accordingly, we necessarily hold the appeal in abeyance, remit the matter to the Supreme Court, Queens County, to conduct a reconstruction hearing to determine the defendant's competence to stand trial based on the evidence available on or before February 7, 2019, and thereafter report its determination to this Court.
We decide no other issues raised by the defendant at this time.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court