OPINION OF THE COURT
Fuchsberg, J.
The defendant was convicted of burglary and grand larceny after a jury trial. Subsequent to the filing of a notice of appeal, it was discovered that the stenographer who recorded the proceedings could not find the untranscribed stenographic notes covering the summations and the Judge’s charge to the jury. They have never been found. Defendant’s primary contention on this appeal is that he was thus effectively deprived of his "fundamental right” to appellate review (People v Montgomery, 24 NY2d 130, 132) and therefore is entitled to summary reversal and a new trial.
It is not too long since we have had occasion to point out that, unless minutes "have become unavailable because of any *286 active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated” (People v Rivera, 39 NY2d 519, 523).
 This is not to say that the loss of minutes is not deplorable. Needless to say, to safeguard the right to appeal, practices which assure their preservation must be instituted and enforced. However, the mere fact that minutes are not obtainable does not necessarily mean that alternative methods to provide an adequate record are not available. Though not precisely duplicating the missing minutes, they may suffice to satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist. It is only upon an appropriate showing that this cannot be accomplished that a defendant is entitled to automatic reversal (People v Rivera, supra; see People v Flynn, 53 AD2d 816; People v Johnson, 53 AD2d 589; cf. People v Fearon, 13 NY2d 59; People v Strollo, 191 NY 42, 65-68).
The defendant completely failed to indicate that such means were not at hand. He was available to proffer his own recollection; indeed, the record before us reveals that, on a pro se application for leave to appeal, he had in fact exhibited a detailed and sophisticated awareness of what had transpired at his trial, even quoting the language in which he claimed specific alleged errors were committed in the charge and in the prosecutor’s summation. Significantly, neither there—nor on the appeal before us—is there an assertion that exception was taken either to the charge or summation, absent which these claimed errors would ordinarily not be reviewable (see Henderson v Kibbe, 431 US 145, 154; People v Patterson, 39 NY2d 288, 294-296, affd 432 US 197).
Nor does defendant as much as suggest that he, his trial counsel, the prosecutor, court personnel, others present during trial, or, for that matter, the Trial Judge were not willing and capable of aiding in the reconstruction of a substitute record from which any existing reviewable issues could be presented. Defendant goes no further than to state that inquiry at the Judge’s chambers revealed that no written copy of the charge was extant. Moreover, the interval between the time of trial and the discovery of the loss of the minutes was a matter of months, hardly long enough for it to be assumed that the memories of counsel, the court, or the others had dimmed. And, on argument of this appeal, opposing counsel agreed that the dramatis personae at trial are still readily available. This *287 contrasts sharply with the situation in Rivera (supra), where the defendant’s ignorance of spoken English apparently had prevented him from understanding personally, and therefore being able to recount, what had been said at trial. There too the intervening 23 years between the trial and appeal had taken their toll of Judge, prosecutor and defense attorney, so they had become, respectively, deceased, disabled and unbeatable.
We are therefore compelled to conclude that the defendant has not met his burden of overcoming the presumption of regularity that attaches to his trial (see People v Bell, 36 AD2d 406, 408, affd 29 NY2d 882). He made no serious attempt to show that there were inadequate means from which it could be determined whether appealable and reviewable issues were present.
That the charge is part of the portion of the minutes which is missing does not require any deviation from this disposition. While the existence of harmful error in a charge may at times turn on words of art or the exact phrasing in which it occurred, trial court and counsel, especially if the latter preserve the point by exception, most often will well remember it. The charge is, after all, a stage of the trial usually characterized by a maximum of attentiveness to the Judge’s words and a minimum of diverting interruptions. In any event, there is nothing to show that such a turn of language was involved in the case before us. As to the reconstruction of more general portions of a charge, including even its tone, by and large these present no greater or lesser challenge to one’s ability to describe them or to recall that exception to them was indicated than do other phases of a trial.
Finally, as to a second issue tendered by defendant—that the police seizure of contraband from his apartment was not conducted pursuant to a valid consent—since there is relevant proof in the record to support the factual findings, we are powerless to disturb them (see People v Gonzalez, 39 NY2d 122; cf. People v Rizzo, 40 NY2d 425, 430).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed.