■ The People of the State of New York, Respondent, v Thomas Henry Pray, Appellant.—Appeal (1) from a judgment of the County Court of St. Lawrence County, rendered December 21, 1978, upon a jury verdict convicting defendant of the crime of unlawful disposition of a weapon, and (2) from a judgment of the same court, rendered December 21, 1978, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the sixth degree. On May 18, 1978, a Grand Jury of St. Lawrence County handed up three indictments against defendant. The

first charged him with criminal possession of a controlled substance in the sixth degree; the second accused him of unlawful disposition of a weapon; and the third charged him with criminal possession of stolen property in the second degree and conspiracy in the third degree. After a jury conviction on the weapons charge, defendant pleaded guilty to the drug charge. The third indictment was dropped. Richard Rolfe, a paid police informer, testified that on or about January 18, 1978, defendant called him and said that "he had some weapons to sell". On January 20, 1978, Rolfe and Robert Hutt, a special agent with the Bureau of Alcohol, Tobacco and Firearms, went to Ogdensburg, New York, and stopped at a bar where Hutt told Rolfe to call defendant to determine whether the guns were in existence and in his possession. Accompanied by Connie Shannon, they then proceeded to defendant's residence, where, Hutt testified, he heard defendant explain to Rolfe that "I don't have them here", and that "they are over to Eddie's place", meaning Edward Fortin's residence. Rolfe testified that defendant told him "to go down to [Fortin's] house and pick the guns up and bring the money back to [defendant]". Since Shannon knew the directions to Fortin's residence, defendant suggested that she accompany them there, and, as they were leaving, he instructed that "the money comes back here". At the Fortin residence, Edward Fortin produced a brown paper bag containing four handguns, which he gave to Hutt. At one point, he asked for payment, but after he called someone named "Tommy", Rolfe and Hutt were given the guns. They then returned to defendant's residence, and at defendant's directions, Hutt placed $275 on the kitchen table. Rolfe then picked up the money and Hutt observed him hand it to defendant in a bedroom. Rolfe testified that defendant later gave him $25. Defendant first contends that his motion to dismiss upon the ground that the People failed to present sufficient evidence to establish the weapons charge was erroneously denied (see CPL 290.10). We disagree. Subdivision 4 of section 265.10 of the Penal Law provides that any person who "disposes" of any of the weapons specified in subdivision (1) of section 265.01 is guilty of a class A misdemeanor and a class D felony if he has previously been convicted of any crime. Subdivision 6 of section 265.00 defines "Dispose of" to mean "dispose of, give, give away, lease, loan, keep for sale, offer, offer for sale, sell, transfer and otherwise dispose of". Based upon the uncontradicted testimony of Rolfe and Hutt, there was sufficient evidence to submit the weapons charge to the jury which could properly find that defendant was guilty beyond a reasonable doubt of unlawfully disposing of the weapons. Defendant's argument that the People failed to prove that he possessed the weapons is without merit. Rolfe's and Hutt's testimony clearly demonstrated that the weapons, although not in his physical possession, were subject to his "control" and thus in his possession (Penal Law, § 10.00, subd 8). Next, we reject defendant's contention that the waiver of recording the opening and closing statements denied him his right to a fair trial and appellate review. Where, as here, no serious attempt is made to show that there were inadequate means from which it could be determined whether appellate issues exist, defendant has not met his burden of overcoming the presumption of regularity that attaches to his trial (People v Glass, 43 NY2d 283). We have examined the remaining points raised in defendant's brief and find them wholly without merit. Judgments affirmed. Mahoney, P. J., Greenblott, Staley, Jr., and Mikoll, JJ., concur; Main, J., not taking part.