■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SMALLS, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered February 14, 1985, convicting him of criminal

possession of stolen property in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed and case remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was found guilty after his trial in 1979 but was not sentenced until February 1985 because he had made himself unavailable. He now claims that he has been deprived of his right to appeal due to the destruction of the stenographic notes of the trial proceedings two years after his conviction. We disagree.

There is a presumption of validity and regularity which attends all judgments of conviction *(see, People v Bell,* 36 AD2d 406, *affd* 29 NY2d 882) and that presumption may only be rebutted by substantial evidence to the contrary *(see, People v Harris,* 61 NY2d 9). When a transcript is missing, it is defendant's burden to demonstrate that genuine appealable issues exist, and that alternative methods of providing an adequate record are not available before he is entitled to reversal of his conviction *(see, People v Glass,* 43 NY2d 283). Defendant has not met this burden.

In any event, the stenographic notes of defendant's trial were destroyed in accordance with the applicable law during defendant's willful and intentional five-year absence from the jurisdiction of the trial court *(see,* Judiciary Law § 297) and the People were under no obligation to preserve the notes during his unexcused absence. Thus, defendant cannot be heard to complain of the destruction of the minutes *(see, People v Mirenda,* 57 NY2d 261, 267). Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.