■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO SUREN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered August 12, 1980, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the first day of his trial, the defendant failed to return to the courtroom following luncheon recess. His trial and sentencing were thus held in absentia. In 1983 the defendant was returned to the jurisdiction. It was discovered, however, that in the intervening three years, the trial stenographer had died and, despite diligent efforts, his notes could not be located.

The defendant moved in this court for summary reversal of the judgment on the ground that he was denied his opportunity to appeal. We denied the motion and remitted the case to the Judge who presided over the trial to hold a reconstruction hearing and to report his findings to the court. At the conclusion of the hearing, the trial court reported that an adequate record had been reconstructed. We agree, the defendant's contention to the contrary notwithstanding.

There is a presumption of validity and regularity which attaches to all judgments of conviction *(see, People v Bell,* 29 NY2d 882) and that presumption may only be rebutted by

substantial evidence to the contrary *(see, People v Harris,* 61 NY2d 9). When a transcript is missing through no fault of the People, the burden is on the defendant to demonstrate that alternate methods of providing an adequate record cannot be utilized *(see, People v Glass,* 43 NY2d 283; *People v Smalls,* 116 AD2d 675, *lv denied* 67 NY2d 890).

The court stenographer was under no obligation to retain the original stenographic notes more than two years after defendant's conviction (Judiciary Law § 297), and it appears that their unavailability resulted not from any fault on the part of the People but rather from the defendant's prolonged, willful and unexcused absence from the jurisdiction. Moreover, the defendant's trial counsel, the Assistant District Attorney who tried the case on behalf of the People and three police officers who testified at the original trial testified at the reconstruction hearing. The defendant has failed to demonstrate that these witnesses were collectively unable to reconstruct what transpired at the trial so as to adequately protect his right of appeal *(cf., People v Rivera,* 39 NY2d 519).

The reconstructed record demonstrates that the People acted appropriately in not serving notice pursuant to CPL 710.30 of an intention to offer identification testimony. The confirmatory purpose of viewing a photographic array by the undercover officer who twice before bought narcotics from the defendant was not a circumstance requiring such notice *(see, People v Gissendanner,* 48 NY2d 543; *People v Kearn,* 118 AD2d 871; *cf., People v Morales,* 37 NY2d 262). The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.