■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL KENEFICK, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant of second degree murder and a related weapon possession charge, defendant's principal claim is that the loss of a portion of the trial transcript deprived him of due process of law and the right to effective appellate counsel. There is no merit to this claim. A reconstruction hearing *(see, People v Carney,* 73 AD2d 9) established that the missing portion of the transcript contained testimony of three witnesses concerning defendant's possession of the gun used in the killing. Defendant did not dispute that he shot the victim with this gun. Defendant's defenses at trial were insanity and extreme emotional disturbance and the lost testimony pertained, not to defendant's mental state, but rather concerned matters peripheral to the question of defendant's guilt *(cf., People v Auth,* 43 AD2d 790; *People v Lomoso,* 284 App Div 670). Moreover, defendant has not rebutted the presumption of validity of the judgment of conviction *(see, People v Bell,* 36 AD2d 406, *affd* 29 NY2d 882) by showing that the reconstruction hearing was inadequate *(see, People v Glass,* 43 NY2d 283; *People v Smalls,* 116 AD2d 675, *lv denied* 67 NY2d 890; *cf., People v Rivera,* 39 NY2d 519). All three witnesses whose testimony was lost testified at the reconstruction hearing and the Judge who presided at the trial conducted the hearing and certified the events which took place during the missing testimony *(see, People v Suren,* 131 AD2d 896, *lv denied* 70 NY2d 804). Defendant's speculation that objections or motions might have been made which the witnesses did not recall is insufficient to rebut the presumption of regularity in the judgment and proceedings on which it is based. We have considered defendant's remaining claims and find that none requires a reversal or modification of the judgment. (Appeal

from judgment, Erie County Court, McCarthy, J.—murder, second degree; criminal possession of weapon, second degree.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.