Kaye, J.
(dissenting). While County Court of course can fill the statutory gap by fashioning an appropriate remedy for failure to file a return on an affidavit of errors, here it abused its discretion by summarily overturning a conviction without first reviewing the return that had actually been filed, and without giving the People a chance to be heard. We respectfully dissent.
Defendant’s affidavit of errors, filed February 29, 1988, was in many respects so general and vague as virtually to defy response. Nonetheless, a return was filed on March 9, 1988, consisting of a certificate of conviction, the accusatory instrument, the Trial Justice’s lengthy handwritten notes of the trial testimony, and his decision. Notably, although the return was not properly served on defendant, by the end of June 1988 defendant was in fact fully aware of it. Indeed, defendant alluded to it in his second motion to dismiss and consequently, County Court was or should have been aware of its existence; *665 the return was part of the court file and is part of the record on this appeal. To the extent response to defendant’s affidavit of errors was possible, the return was arguably responsive to defendant’s affidavit of errors despite his contrary claim.
In these circumstances, County Court should not have reversed defendant’s conviction without first examining the return to determine the merits of defendant’s claim that it was unresponsive to his allegations. As we have stated in a comparable situation not involving a Justice Court, it is only upon a showing that an adequate record for review is not available that a defendant is entitled to automatic reversal (People v Glass, 43 NY2d 283, 285). Here, defendant’s own motion papers disclosed the existence of a record; the showing required for automatic reversal was plainly not made. Moreover, contrary to the contention of the majority, it was not the obligation of the prosecutor to "advance” the defendant’s appeal (majority opn, at 664); it is for the defendant to demonstrate that the available record is inadequate. There is no basis for deviating from these principles, and imposing on the People the duty to secure the court’s performance because the Justice Court and not some other court is involved.
We further agree with the People that County Court should not have summarily reversed the conviction without giving the People a chance to be heard, and without then determining that the alleged errors required reversal. CPL 460.70 (2), the statute governing perfection of appeals from local criminal courts when the proceedings have not been transcribed, requires the defendant to file a notice of argument, and serve a copy on the People. While in this case it may well have been true that once the allegations of defendant’s affidavit were deemed admitted reversal was inevitable, the People still were entitled to make such legal arguments in opposition as they could muster, and it was error to deny them that opportunity.
The course chosen by County Court — automatically overturning a conviction — was wholly unwarranted.
Chief Judge Wachtler and Judges Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Kaye dissents and votes to reverse in a separate opinion in which Judges Simons and Alexander concur.
Order affirmed.