■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO ANDINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 16, 1986, convicting him of sodomy in the first degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant brought a motion for summary reversal of his conviction after learning that the court reporter had lost the trial transcript. By decision and order on motion dated August 22, 1990, this court remitted the matter to the Supreme Court, Kings County, for a reconstruction hearing. On appeal, the defendant contends that the reconstructed record is inadequate to protect his right of appeal. We disagree.

It is well settled that there is a presumption of validity and regularity which attends all judgments of conviction (see, People v Bell, 29 NY2d 882) and that presumption may only be rebutted by substantial evidence to the contrary (see, People v Harris, 61 NY2d 9). When a transcript is missing through no fault of the People, the burden is on the defendant to demonstrate that alternate methods of providing an adequate record cannot be utilized (see, People v Glass, 43 NY2d 283; People v Suren, 131 AD2d 896, 897; People v Smalls, 116 AD2d 675).

In the instant case, the reporter was only able to locate the transcript of the *Huntley* hearing and the sentencing minutes. However, the court produced copious and detailed notes it had made of all the witnesses' testimony at trial, including that of the defendant. The attorneys at the reconstruction hearing stipulated that those notes represented a summary of all of the witnesses' testimony. The court's notes also included a summary of its supplemental instructions that followed a note from the jury during deliberations. At the reconstruction hearing, the defendant asserted that the prosecutor had improperly cross-examined him about his drug use and prior record, and unduly emphasized those matters during summation. But the court and the prosecutor denied any recollection of such inflammatory comments. The court added that it would have sustained an objection to such comments, had there been one, and that, according to its notes, no motion for a mistrial was made. In addition, a transcript of the videotape of the defendant's statement was produced at the hearing.

The defendant's speculation that objections or motions might have been made which no one was able to recall is insufficient to rebut the presumption of regularity in the

judgment and the proceedings on which it is based *(see, People v Kenefick,* 144 AD2d 997). Thus, we find that the defendant has failed to demonstrate that the reconstruction hearing was inadequate to protect his right of appeal *(see, People v Glass, supra; People v Suren, supra; People v Smalls, supra).* Since the defendant does not specify any grounds for reversal based upon the reconstructed record, the judgment is affirmed. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.