■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TERRY, Appellant. [639 NYS2d 215] 
 Memorandum: We reserved decision and remitted this matter to Supreme Court for a reconstruction hearing (*People v Terry,* 216 AD2d 943) in accordance with our decision in *People v Mitchell* (189 AD2d 337). Preliminarily, we address two necessary issues: (1) who has the burden at a reconstruction hearing to establish whether defendant was present at a *Sandoval* conference, and (2) what standard of proof should be applied at that hearing. The People have the constitutional burden of proving defendant's guilt beyond a reasonable doubt with respect to every element of the crime charged (*People v Newman,* 46 NY2d 126, 128; see, *Carella v California,* 491 US 263, 265, *reh denied* 492 US 937; *In re Winship,* 397 US 358, 364). However, in ancillary proceedings involving factual issues collateral to the issue of defendant's guilt, such as competence to stand trial or, as here, defendant's presence at a *Sandoval* conference, the People have the burden of establishing the facts by a preponderance of the evidence *(see, Matter of Francis S.,* 87 NY2d 554; *People v Giordano,* 87 NY2d 441; *People v Wright,* 124 AD2d 1015, *lv denied* 69 NY2d 751; *People v Santos,* 43 AD2d 73, 75). Applying that standard, we conclude that the record of the reconstruction hearing fully supports the hearing court's conclusion that defendant was present and able to participate meaningfully at the *Sandoval* conference. (Resubmission of Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.