■ In the Matter of ROLAND R., a Person Alleged to be a Juvenile Delinquent, Appellant. [736 NYS2d 33] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered on or about August 14, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act, which if committed by an adult, would constitute the crime of criminal sale of a controlled substance in the third degree, and placed him in a limited secure facility with the New York State Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Appellant is not entitled to summary reversal on the ground that four photographic exhibits used by counsel to cross-examine police witnesses are missing from the Family Court file (*see, People v Glass*, 43 NY2d 283; *People v Rivera*, 39 NY2d 519; *People v Strollo*, 191 NY 42, 66). Appellant has failed to show that he has been prejudiced or that meaningful review is impossible without the photographs. The evidence of appellant's guilt was overwhelming and its weight does not depend on the missing exhibits. Moreover, the photographs were taken under different conditions from those that existed at the time of the incident and from a different vantage point than where the officers stood and were, therefore, of limited value in advancing the defense claim that the officers could not have seen the drug transaction. Furthermore, in view of the extensive testimony by the officers on the location of the observation post, the photographs were, at most, supplementary and therefore not indispensable to appellate review. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.