■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN RUSSO, Appellant. [771 NYS2d 768]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered November 27, 1995. The appeal was held by this Court by order entered May 2, 2001, decision was reserved and the matter was remitted to the Chautauqua County Court for further proceedings (283 AD2d 910 [2001]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to Chautauqua County Court for a reconstruction hearing to determine whether defendant was present during certain "pretrial, sidebar and charge conferences and handling of jury notes and, if not, whether 'only questions of law or procedure' were involved such that defendant's presence was not required" and, in addition, to "determine whether defendant was present during the readback of the jury charge" (*People v Russo*, 283 AD2d 910, 910-911 [2001], *lv dismissed* 96

NY2d 867 [2001]). Contrary to the contention of defendant, he was not denied his right to a fair proceeding when the Judge who conducted the trial also presided over the reconstruction hearing (*see People v Alomar*, 93 NY2d 239, 246 [1999]). The record is devoid of any evidence that the Judge had a "direct, personal, substantial or pecuniary interest in reaching a particular conclusion" or that there was "a clash in judicial roles" (*id.*). Also contrary to defendant's contention, the record of the reconstruction hearing supports the court's determination that defendant was present at all material stages of the trial (*see* CPL 260.20; *People v Roman*, 88 NY2d 18, 25-26 [1996], *rearg denied* 88 NY2d 920 [1996]). The proceedings from which defendant may have been absent concerned questions of law, scheduling matters or juror requests for physical evidence, and thus there was no "potential for meaningful input by" defendant during those proceedings (*Roman,* 88 NY2d at 27). We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Green, Kehoe and Lawton, JJ.