# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**532**

**KA 12-01672**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FREDERICK E. WALKER, DEFENDANT-APPELLANT.

---

JAMES S. HINMAN, P.C., ROCHESTER (JAMES S. HINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FREDERICK E. WALKER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated July 10, 2012. The order determined that defendant had been present for his *Sandoval* hearing.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the judgment of conviction is vacated and a new trial is granted.

Memorandum: Following the reconstruction hearing ordered by the Court of Appeals in *People v Walker* (18 NY3d 839, 840), Supreme Court concluded that defendant "failed to satisfy his burden of coming forward with substantial evidence establishing his absence" at the *Sandoval* hearing. We agree with defendant that the court erred in imposing the burden of proof on him at the reconstruction hearing.

Inasmuch as " '[a] presumption of regularity attaches to judicial proceedings' " (*People v Cruz*, 14 NY3d 814, 816), a defendant challenging the proceedings has the initial "burden of rebutting the presumption of regularity by substantial evidence" (*id.*). In ordering the reconstruction hearing, the Court of Appeals held that defendant had rebutted the presumption of regularity and "satisfied his burden of showing that a reconstruction hearing is necessary to determine whether he was present during the *Sandoval* hearing" (*Walker*, 18 NY3d at 840; *see Cruz*, 14 NY3d at 816).

At the reconstruction hearing, "the People ha[d] the burden of establishing the facts by a preponderance of the evidence" (*People v Terry*, 225 AD2d 1058, 1058, *lv denied* 88 NY2d 886; *see People v Pitsley*, 300 AD2d 1010, 1011; *People v Goodman*, 284 AD2d 928, 928; *see also People v Durda*, 265 AD2d 824, 824, *lv denied* 94 NY2d 862; *People*

*v Nelson*, 234 AD2d 977, 977, *lv denied* 89 NY2d 1039).  We conclude that the People failed to meet their burden.  We therefore reverse the order, vacate the judgment of conviction and grant a new trial.

The transcript of the trial establishes that defendant was not in the courtroom when the proceedings began.  According to the transcript, defense counsel informed the court that she "just went back to see [defendant]," who was not dressed for court because the jail had lost his trial clothes.  After being informed that the jail had also misplaced the trial clothes for the codefendant, the court stated, "I didn't come here today to spend my day waiting for clothes. Trust me.  Any Sandoval?"  The *Sandoval* hearing for both defendant and his codefendant was held, and the first indication in the record of defendant's presence is after the conclusion of that hearing.  At the reconstruction hearing, the only witnesses to testify were defendant and his former attorney.  Defendant denied that he was present during any discussion of his prior crimes, stating that it was during that time that he was returned to the jail, where he successfully located his missing clothes.  Defendant's former attorney had no independent recollection of the events surrounding the *Sandoval* hearing.  We thus conclude that the People failed to establish by a preponderance of the evidence that defendant was present at the *Sandoval* hearing (*see People v Pitsley*, 4 AD3d 841, 842, *lv denied* 2 NY3d 804).

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court