THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY RAGBIRSINGH, Appellant. [60 NYS3d 380]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered September 20, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of the effective assistance of counsel. Viewing the record as a whole, the defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Moreover, trial counsel's failure to move to suppress certain statements based on the alleged violation of the defendant's indelible right to counsel did not constitute ineffective assistance of counsel since such a motion had little to no chance of success (*see People v Carver*, 27 NY3d 418, 420-421 [2016]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Vonneida*, 130 AD3d 1322, 1322-1323 [2015]; *People v Coats*, 195 AD2d 519, 519 [1993]).

This Court, in a prior decision and order on motion, remitted this appeal to the Supreme Court, Kings County, for a reconstruction hearing with respect to certain proceedings that could not be transcribed. The defendant now contends that the reconstruction hearing was inadequate to protect his right of appeal. However, our review of the reconstructed minutes satisfactorily demonstrates that the missing minutes were adequately reconstructed through the testimony of the hearing justice, the prosecutor, court notes, and documentary evidence (*see People v Rivera*, 39 NY2d 519, 522 [1976]; *People v Kings*, 100 AD3d 1019, 1020 [2012]). The defendant's speculation regarding potential objections and arguments that may have been raised, but which could not be recalled by the witnesses,

is insufficient to rebut the presumption of regularity in the proceedings (*see People v Kings*, 100 AD3d at 1020). Thus, the defendant has failed to demonstrate that the reconstruction hearing was inadequate to protect his right to appeal (*see People v Kings*, 100 AD3d at 1020; *People v Breaziel*, 246 AD2d 310, 311 [1998]; *People v Andino*, 183 AD2d 834, 834-835 [1992]; *cf. People v Hall*, 200 AD2d 474 [1994]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.