People v Meyers (2021 NY Slip Op 00919)





People v Meyers


2021 NY Slip Op 00919


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


8 KA 18-01114

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH A. MEYERS, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered July 21, 2017. The judgment convicted defendant upon a jury verdict of arson in the first degree (two counts), murder in the second degree, murder in the first degree, falsifying business records in the first degree (three counts), attempted insurance fraud in the second degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of arson in the first degree (Penal Law
§ 150.20 [1] [a] [i], [ii]), one count of murder in the second degree (§ 125.25 [3]), and one count of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]). Defendant contends, and the People correctly concede, that missing and otherwise defective transcripts from the trial preclude appellate review of defendant's conviction. Indeed, the present state of the record on appeal is "deplorable" (People v Glass, 43 NY2d 283, 286 [1977]) inasmuch as it is missing, inter alia, three days of jury selection, opening statements, summations, final jury instructions, County Court's handling of a jury note, and the verdict. In addition, the transcription of the testimony of some of the witnesses includes irregularities such as notations stating "omitted," "untranscribable," and "blah, blah," and unintelligible strings of characters that appear to be in code. We reject defendant's contention, however, that summary reversal and a new trial is the appropriate remedy at this point. The "loss of reporter's minutes is rarely sufficient reason in itself for reversing a conviction" (People v Parris, 4 NY3d 41, 44 [2004], rearg denied 4 NY3d 847 [2005]). The Court of Appeals has held that "the right of a defendant to a fair appeal, or for that matter a fair trial, does not necessarily guarantee him [or her] a perfect trial or a perfect appeal" (People v Rivera, 39 NY2d 519, 523 [1976]). "To overcome the presumption of regularity, a defendant must show not only that minutes are missing, but also 'that there were inadequate means from which it could be determined whether appealable and reviewable issues were present' " (Parris, 4 NY3d at 46, quoting Glass, 43 NY2d at 287). It is only when a defendant shows that a reconstruction is not possible that a defendant is entitled to summary reversal and a new trial (see Glass, 43 NY2d at 286; People v Kings, 100 AD3d 1019, 1019 [2d Dept 2012], lv denied 20 NY3d 1062 [2013]; People v Andino, 183 AD2d 834, 834 [2d Dept 1992], lv denied 80 NY2d 901 [1992]).
Here, we conclude that defendant failed to establish that alternative means to provide an adequate record are not available (see Glass, 43 NY2d at 286-287). There is no indication that defendant's former attorneys could not participate in a reconstruction hearing, despite the fact that one of them is now employed by the District Attorney's Office. There is also no indication that the now-retired trial judge could not participate as well (see Parris, 4 NY3d at 47; People v Bryant, 159 AD2d 962, 962 [4th Dept 1990]).
We therefore hold the case, reserve decision, and remit the matter to County Court to conduct a reconstruction hearing with respect to the missing and irregular transcripts.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court