People v Chappell (2021 NY Slip Op 05365)





People v Chappell


2021 NY Slip Op 05365


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

109583
[*1]The People of the State of New York, Respondent,
v
Nicholas J. Chappell, Appellant.

Calendar Date:September 15, 2020

Before:Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ.

Paul J. Connolly, Delmar, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered June 7, 2017, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree.
Defendant was charged with murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree, which all stemmed from an incident on August 31, 2016 when he fatally shot victim A and wounded victim B. Following a jury trial, defendant was convicted as charged and was sentenced to consecutive prison terms of 25 years to life for his conviction of murder in the second degree, 20 years for his conviction of attempted murder in the second degree, to be followed by five years of postrelease supervision, and five years for his conviction of criminal use of a firearm in the first degree. He was also sentenced to 20 years for his conviction of assault in the first degree, to be followed by five years of postrelease supervision, which was to run concurrently to the sentence for his attempted murder conviction. Defendant appeals. We affirm.
In our prior decision, we determined that County Court properly denied defendant's motion to dismiss the indictment and that the verdict was not against the weight of the evidence, but remitted the matter to County Court for a reconstruction hearing to ascertain whether defendant had an opportunity to review the annotated verdict sheet (187 AD3d 1319 [2020]). The reconstruction hearing has since been completed, and County Court determined that the proof at the hearing demonstrated that "the copy of the verdict sheet was provided to counsel for the express purpose of insuring that counsel had no objections to the verdict sheet being given to the jury." Contrary to defendant's assertion, we discern no error with the manner in which County Court conducted the reconstruction hearing as it was not a hearing to determine defendant's guilt, but rather one to "reconstruct and settle the record" (People v Alomar, 93 NY2d 239, 247 [1999]; see generally People v Bethune, 29 NY3d 539, 541-542 [2017]). Moreover, "the record of the reconstruction hearing supports the court's determination" (People v Russo, 4 AD3d 777, 778 [2004], lv denied 2 NY3d 806 [2004]; see People v Pinkney, 300 AD2d 79, 79 [2002], lv denied 99 NY3d 631 [2003]; see also People v Knight, 280 AD2d 937, 940 [2001], lv denied 96 NY2d 864 [2001]). Thus, given that he did not lodge an objection to the annotations, defendant's "consent to the submission of an annotated verdict sheet may be implied" (People v Johnson, 96 AD3d 1586, 1587 [2012], lv denied 19 NY3d 1027 [2012]; see People v Bjork, 105 AD3d 1258, 1264 [2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]; People v Knight, 280 AD2d at 940). As such, we reject defendant's contention that County Court committed reversible [*2]error by utilizing an annotated verdict sheet.
We now turn to the remaining issues that were not decided in this Court's prior decision. To that end, defendant alleges multiple Molineux violations, the first of which is that County Court erroneously admitted the handwritten note he possessed that read "kill a man" because the note was not subject to a Molineux analysis, despite it constituting prior criminal or immoral conduct.[FN1] However, as a "Molineux analysis is limited to the introduction of a prior uncharged crime or a prior bad act" (People v Brewer, 28 NY3d 271, 276 [2016]; see People v Davis, 177 AD3d 1323, 1323-1324 [2019], lv denied 35 NY3d 969 [2020]), the note falls outside the scope of Molineux. Specifically, the note's message, "kill a man," does not constitute evidence of an uncharged crime or prior bad act but rather a "hostile thought[]" (People v Cortez, 85 AD3d 409, 411 [2011], affd 22 NY3d 1061 [2014], cert denied 574 US 858 [2014]). Defendant's related argument, that he was denied a fair trial by County Court's failure to offer a limiting instruction forbidding the jury to consider the note as evidence of criminal propensity, is "unpreserved for our review because his attorney did not request a limiting instruction and failed to object to the court's failure to provide one" (People v Burrell, 120 AD3d 911, 912 [2014] [internal quotation marks and citation omitted]; see People v Shortell, 155 AD3d 1442, 1445 [2017], lv denied 31 NY3d 1087 [2018]). Defendant also contends that County Court erred in allowing testimony regarding other alleged prior bad acts of defendant — specifically testimony by victim B that items went missing from his room when he lived with defendant. To the extent this argument is preserved, this testimony falls outside of the scope of Molineux as "mere speculation that a jury may discern something sinister about a defendant's behavior does not render such behavior an uncharged crime" (People v Enoch, 221 AD2d 253, 254 [1995], lv denied 88 NY2d 965 [1996]).
We are similarly unpersuaded by defendant's contention that he received ineffective assistance of counsel based upon defense counsel's failure to request a limiting instruction as to the handwritten note and his failure to object to the testimony regarding the items that went missing from victim B's room. As to defense counsel's failure to request a limiting instruction, because the handwritten note did not constitute a prior bad act, requesting a limiting instruction would have had little or no chance of success and does not constitute ineffective assistance of counsel (see People v Leonard, 177 AD3d 1158, 1163 [2019], lv denied 34 NY3d 1160 [2020]). Similarly, as we have found that the testimony regarding the items that were missing from victim B's room does not constitute impermissible Molineux evidence, an objection to the testimony would have had little or no chance of success and does not constitute ineffective assistance of counsel (see id[*3].). Given that the record demonstrates that defense counsel presented a reasonable trial strategy, including a justification defense, made appropriate opening and closing statements and effectively cross-examined witnesses, defendant was provided with meaningful representation (see People v McCauley, 162 AD3d 1307, 1310-1311 [2018], lv denied 32 NY3d 939 [2018]).
Defendant also argues that the sentence imposed by County Court is harsh and excessive because, among other reasons, the murder of victim A was not "especially heinous" as defendant did not torture or cause prolonged suffering to victim A and because defendant has no prior criminal history. Although defendant received the maximum sentence for his conviction of murder in the second degree, the court considered appropriate factors, including that defendant had no prior criminal history (see People v Coley, 129 AD3d 1327, 1330 [2015], lv denied 26 NY3d 927 [2015]). Given the violent nature of defendant's crimes and that he has shown no remorse, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentence (see People v Weaver, 167 AD3d 1238, 1245 [2018], lv denied 33 NY3d 955 [2019]; People v Cloonan, 166 AD3d 1063, 1065-1066 [2018], lv denied 35 NY3d 941 [2020]).
Egan Jr., J.P., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant similarly argues that the note is also subject to analysis under Sandoval. As the note does not constitute "evidence of prior specific criminal, vicious or immoral conduct," the note falls outside the scope of Sandoval (People v Pietoso, 168 AD3d 1276, 1279 [2019] [brackets omitted], lv denied 33 NY3d 1034 [2019], quoting People v Sandoval, 34 NY2d 371, 376 [1974]).