People v Meyers (2025 NY Slip Op 01762)

People v Meyers

2025 NY Slip Op 01762

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, MONTOUR, GREENWOOD, AND KEANE, JJ.

867 KA 18-01114

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH A. MEYERS, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (VICTOR D. ROWCLIFFE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered July 21, 2017. The appeal was held by this Court by order entered February 11, 2021, decision was reserved and the matter was remitted to Steuben County Court for further proceedings (191 AD3d 1406 [4th Dept 2021]). The proceedings were held and completed (Chauncey J. Watches, J.). 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of arson in the first degree (Penal Law § 150.20 [1] [a] [i], [ii]), one count of murder in the second degree (§ 125.25 [3]), and one count of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]), arising from his involvement with a fire at a home, upon which his codefendant wife had property insurance, that killed a man for whom the codefendant was the beneficiary of a life insurance policy. We note as background that, on the appeal of the codefendant, who had been separately tried and convicted upon a jury verdict, we vacated that part of the sentence ordering restitution and remitted the matter for a restitution hearing but otherwise affirmed the judgment (People v Meyers, 182 AD3d 1037 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]).
When defendant's appeal was previously before us, we agreed with the parties that missing and otherwise defective transcripts from his trial precluded appellate review of his conviction (People v Meyers, 191 AD3d 1406, 1406 [4th Dept 2021]). We observed in particular that "the present state of the record on appeal is 'deplorable' . . . inasmuch as it is missing, inter alia, three days of jury selection, opening statements, summations, final jury instructions, County Court's handling of a jury note, and the verdict" and that "the transcription of the testimony of some of the witnesses includes irregularities such as notations stating 'omitted,' 'untranscribable,' and 'blah, blah,' and unintelligible strings of characters that appear to be in code" (id.). We nonetheless rejected defendant's contention "that summary reversal and a new trial is the appropriate remedy at this point" (id.). Instead, applying the well-established principle that "[i]t is only when a defendant shows that a reconstruction is not possible that a defendant is entitled to summary reversal and a new trial," we concluded that defendant had failed to establish that alternative means to provide an adequate record were not available (id. at 1407). We reasoned that there was "no indication that defendant's former attorneys could not participate in a reconstruction hearing, despite the fact that one of them is now employed by the District Attorney's Office" and that there was "also no indication that the now-retired trial judge could not participate as well" (id.). We therefore held the case, reserved decision, and remitted the matter to County Court "to conduct a reconstruction hearing with respect to the missing and irregular transcripts" (id.).
Upon remittal, the court conducted a reconstruction hearing during which it heard the [*2]testimony of the trial judge and his confidential law clerk, the trial prosecutor, defendant's former attorneys, a court clerk, and a county clerk. The court also admitted in evidence the trial judge's notes; the court's voir dire challenge sheet; the trial prosecutor's notes on the jury charge and his copy of the verdict sheet; the court clerk's minutes, exhibit list, and witness list; the county clerk's case summary; and various court exhibits from the trial. Based on the record of the reconstruction hearing and the original record, we now affirm.
Defendant first contends on resubmission that the court's procedures at the reconstruction hearing violated his right to due process. We reject that contention.
"[A] defendant has a fundamental right to appellate review of a criminal conviction" (People v Yavru-Sakuk, 98 NY2d 56, 59 [2002]; see People v Harrison, 85 NY2d 794, 796 [1995]; People v Glass, 43 NY2d 283, 285 [1977]; People v Rivera, 39 NY2d 519, 522 [1976]; People v Montgomery, 24 NY2d 130, 132 [1969]). In addition, "[p]arties to an appeal are entitled to have th[e] record show the facts as they really happened at trial, and should not be prejudiced by an error or omission of the stenographer" (People v Bethune, 29 NY3d 539, 541 [2017]). "A stenographic transcript of the proceedings is, of course, an invaluable aid to the prosecution of most appeals" (Rivera, 39 NY2d at 522). Nevertheless, unless such transcripts "have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated" (id. at 523; see People v Parris, 4 NY3d 41, 46-47 [2004], rearg denied 4 NY3d 847 [2005]; Glass, 43 NY2d at 285-286). Indeed, "in this imperfect world, the right of a defendant to a fair appeal, or for that matter a fair trial, does not necessarily guarantee [them] a perfect trial or a perfect appeal" (Rivera, 39 NY2d at 523). Consequently, "[t]hough not precisely duplicating . . . missing [stenographic transcripts], [alternative methods] may suffice to satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist" (Glass, 43 NY2d at 286). In appropriate circumstances, a court "may hold a reconstruction hearing with the parties[ and] any witnesses or evidence the court deems helpful" (Bethune, 29 NY3d at 541; see People v Velasquez, 1 NY3d 44, 49 [2003]). When there are errors or omissions in the transcript of the subject proceeding or the stenographic record is unavailable, the proceeding may be adequately reconstructed at such a hearing through, among other things, the recollections of the judge who presided at the proceeding and the attorneys who participated in the proceeding, the judge's notes, and other documentary evidence regarding the proceeding (see People v Alomar, 93 NY2d 239, 246-248 [1999]; Glass, 43 NY2d at 285-287; Rivera, 39 NY2d at 523; see also People v Ragbirsingh, 153 AD3d 858, 858 [2d Dept 2017], lv denied 30 NY3d 1063 [2017]; People v Zuniga, 149 AD3d 660, 660-661 [1st Dept 2017], lv denied 29 NY3d 1136 [2017]).
Here, contrary to defendant's assertion, we conclude that the court properly admitted in evidence the trial judge's notes for consideration in reconstructing the record, even though the notes do not "precisely duplicat[e]" missing or error-free transcripts (Glass, 43 NY2d at 286; see Alomar, 93 NY2d at 246-248; Ragbirsingh, 153 AD3d at 858-859; Zuniga, 149 AD3d at 660-661). We likewise reject defendant's assertion that the court erred in permitting his former attorneys to provide their factual recollections of what happened at trial (see generally Glass, 43 NY2d at 286; Zuniga, 149 AD3d at 660-661; People v Kinder, 126 AD2d 60, 61-63 [4th Dept 1987], lv denied 70 NY2d 649 [1987]). Contrary to defendant's further assertion, we conclude under the circumstances of this case that the court did not abuse its discretion in denying defendant's request to exclude the witnesses from the courtroom except during their own testimony (see People v Felder, 39 AD2d 373, 379-380 [2d Dept 1972], affd 32 NY2d 747 [1973], rearg denied 39 NY2d 743 [1976], appeal dismissed 414 US 948 [1973]; People v Cooke, 292 NY 185, 190-191 [1944], rearg denied 292 NY 622 [1944]; People v Streeter, 118 AD3d 1287, 1289 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]). Contrary to the dissent's conclusion, the record does not support defendant's additional assertion that he was denied his right to a fair proceeding by the court's refusal to compel the People to produce all trial exhibits and other materials for purposes of the reconstruction hearing (see generally People v Chappell, 198 AD3d 1018, 1019 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Russo, 4 AD3d 777, 778 [4th Dept 2004], lv denied 2 NY3d 806 [2004]; People v Ross, 246 AD2d 561, 561 [2d Dept 1998], lv denied 91 NY2d 1012 [1998]). Nor does the record support the dissent's related conclusion that the People's efforts at the reconstruction hearing evinced a lack of diligence that "hindered effective reconstruction" of the record (cf. Rivera, 39 NY2d at 525; see generally Parris, 4 NY3d at 48-49). In sum, bearing [*3]in mind that the reconstruction hearing "was not a hearing to determine defendant's guilt, but rather one to 'reconstruct . . . the record,' " we "discern no error with the manner in which [the court] conducted the reconstruction hearing" that would constitute a violation of defendant's right to due process and warrant a new hearing (Chappell, 198 AD3d at 1019; see generally Alomar, 93 NY2d at 245-246).
Defendant next contends on resubmission that, even after the reconstruction hearing, the record remains inadequate for meaningful appellate review and, therefore, he is entitled to summary reversal of the judgment of conviction and a new trial. We reject that contention.
"There is a presumption of regularity which attaches to a judicial proceeding . . . and the unavailability of a stenographic record, either because it has been lost or inadvertently destroyed, standing by itself, will not rebut that presumption" (Harrison, 85 NY2d at 796; see Parris, 4 NY3d at 46; Glass, 43 NY2d at 286-287). "[T]o rebut the presumption, the defendant has the burden to make an 'appropriate showing' that 'alternative methods to provide an adequate record are not available' " (Yavru-Sakuk, 98 NY2d at 60, quoting Glass, 43 NY2d at 286; see Parris, 4 NY3d at 46). Summary reversal "is appropriate only 'when a record cannot be reconstructed because of the lapse of time, the unavailability of the participants in the proceeding or some similar circumstance' " (Yavru-Sakuk, 98 NY2d at 60, quoting Harrison, 85 NY2d at 796). Thus, as we stated when the appeal was previously before us, "[i]t is only when a defendant shows that a reconstruction is not possible that a defendant is entitled to summary reversal and a new trial" (Meyers, 191 AD3d at 1407). Even where, as here, the defendant seeks that remedy after a reconstruction hearing, "it is the defendant's burden to demonstrate that genuine appealable issues exist, and that alternative methods of providing an adequate record are not available, before the defendant is entitled to [summary] reversal of [the] conviction" and a new trial (People v Kings, 100 AD3d 1019, 1019 [2d Dept 2012], lv denied 20 NY3d 1062 [2013]; see People v Breaziel, 246 AD2d 310, 310-311 [1st Dept 1998], lv denied 91 NY2d 940 [1998]; People v Andino, 183 AD2d 834, 834-835 [2d Dept 1992], lv denied 80 NY2d 901 [1992]; People v Kenefick, 144 AD2d 997, 997 [4th Dept 1988], lv denied 73 NY2d 979 [1989]). Contrary to the dissent's suggestion, the burden of establishing entitlement to summary reversal and a new trial, which is a remedy based on lack of appellate reviewability alone following a defendant's showing " 'that there were inadequate means from which it could be determined whether appealable and reviewable issues were present' " (Parris, 4 NY3d at 46, quoting Glass, 43 NY2d at 287), is distinct from the burden of proof placed on the People at a reconstruction hearing held to determine a particular factual issue as a predicate for an underlying substantive legal contention, such as whether the defendant was present at a Sandoval hearing (see e.g. People v Walker, 117 AD3d 1578, 1578-1579 [4th Dept 2014]; People v Terry, 225 AD2d 1058, 1058 [4th Dept 1996], lv denied 88 NY2d 886 [1996]). Moreover, we note that we are not bound by any incorrect concession made by the People on resubmission regarding the applicable burden (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Adair, 177 AD3d 1357, 1357 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]).
Here, defendant "failed to demonstrate that the reconstruction hearing was inadequate to protect his right of appeal" (Kings, 100 AD3d at 1020; see Breaziel, 246 AD2d at 310-311; Andino, 183 AD2d at 834-835; Kenefick, 144 AD2d at 997). Indeed, upon our review of the record, we conclude that the court "adequately reconstructed the missing [and irregular] portions of the record with the aid of both [defendant's former attorneys] and the [trial] prosecutor as well as the [trial judge's] notes and other documents," and the testimony of the trial judge, the confidential law clerk, and the other witnesses (Kings, 100 AD3d at 1020; see Ragbirsingh, 153 AD3d at 858-859; Kenefick, 144 AD2d at 997; cf. People v Jacobs, 286 AD2d 404, 405 [2d Dept 2001]). Despite his assertions to the contrary, defendant "has failed to demonstrate that these witnesses were collectively unable to reconstruct what transpired at the trial so as to adequately protect his right of appeal" (People v Suren, 131 AD2d 896, 897 [2d Dept 1987], lv denied 70 NY2d 804 [1987]). Moreover, defendant's "speculation that objections or motions might have been made which the witnesses did not recall is insufficient to rebut the presumption of regularity" (Kenefick, 144 AD2d at 997; see Ragbirsingh, 153 AD3d at 858-859; Kings, 100 AD3d at 1020; Breaziel, 246 AD2d at 310-311; Andino, 183 AD2d at 834). In sum, we conclude that the original record coupled with the reconstruction of the missing or irregular transcripts "suffice to satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist," and thus defendant is not "entitled to automatic reversal" (Glass, 43 NY2d at 286).
With respect to the substantive legal issues, defendant contends in his original brief that the court, following a Huntley hearing that was unaffected by any stenographic transcription omissions or irregularities, erred in refusing to suppress his statements to investigators. We reject that contention. The evidence at the Huntley hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required (see People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; see generally Miranda v Arizona, 384 US 436, 467 [1966]; People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]).
Contrary to defendant's further contention in his original brief, we conclude that the court did not abuse its discretion in denying his request for an adjournment to afford defense counsel additional time to prepare for trial (see People v Benton, 167 AD3d 1522, 1522 [4th Dept 2018], lv denied 33 NY3d 946 [2019]; People v Resto, 147 AD3d 1331, 1332 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]).
We reject defendant's contention in his original brief that he was denied effective assistance of counsel with respect to sentencing. We conclude that "no statement made by defense counsel at sentencing 'would have had an impact on the sentence imposed' " (People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]; see People v Peters, 213 AD3d 1359, 1359 [4th Dept 2023], lv denied 39 NY3d 1143 [2023]; People v Agee, 129 AD3d 1559, 1561 [4th Dept 2015]). Contrary to defendant's related contention in his original brief, we conclude under the circumstances of this case that "any violation of defendant's right to counsel at sentencing had no adverse impact, and he is not entitled to the remedy of a remand for resentencing . . . , which would serve no useful purpose" (People v Rohadfox, 175 AD3d 1813, 1815 [4th Dept 2019], lv denied 34 NY3d 1019 [2019] [internal quotation marks omitted]; see People v Johnson, 20 NY3d 990, 991 [2013]; People v Barksdale, 191 AD3d 1370, 1373 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]).
Even assuming, arguendo, that defendant's remaining contentions on resubmission are within the scope of the remittal and thus properly before us (see e.g. People v Ramos, 210 AD3d 1453, 1454 [4th Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Butler, 75 AD3d 1105, 1105 [4th Dept 2010], lv denied 15 NY3d 919 [2010]), we conclude that none warrants reversal or modification of the judgment. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial (see People v Scott, 93 AD3d 1193, 1194 [4th Dept 2012], lv denied 19 NY3d 967 [2012], reconsideration denied 19 NY3d 1001 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, even if a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Roche, 231 AD3d 1531, 1533 [4th Dept 2024], lv denied 42 NY3d 1081 [2025]; see generally Bleakley, 69 NY2d at 495). Defendant failed to preserve for our review his contention that he was denied his constitutional right to present a complete defense because the prosecutor, through a discussion with defendant's attorneys and the court outside the presence of the jury, intimidated his expert witness into not testifying at trial (see CPL 470.05 [2]; People v Lawrence, 221 AD3d 1583, 1584 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]; People v Hasan, 165 AD3d 1606, 1607 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]; People v Barry, 288 AD2d 1, 1 [1st Dept 2001], lv denied 97 NY2d 701 [2002]; see generally People v Lane, 7 NY3d 888, 889 [2006]; People v Allen, 88 NY2d 831, 833 [1996]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Lawrence, 221 AD3d at 1584; Hasan, 165 AD3d at 1607; Barry, 288 AD2d at 1). Finally, we have considered defendant's remaining contentions, including those raised in his original brief and on resubmission, and we conclude that none warrants relief.
All concur except Whalen, P.J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent inasmuch as I agree with defendant that the reconstruction hearing was inadequate to protect his right of appeal. Further, under the unique circumstances of this case, I would reverse the judgment and grant defendant a new trial.
As the majority notes, we previously held this case, reserved decision, and remitted the [*4]matter to County Court to conduct a reconstruction hearing necessitated by the " 'deplorable' " state of the record on appeal, which was missing several days of trial proceedings and those portions of the trial that were transcribed were riddled with irregularities (People v Meyers, 191 AD3d 1406, 1406 [4th Dept 2021]). In ordering the reconstruction hearing, this Court in effect determined that "defendant had rebutted the presumption of regularity" (People v Walker, 117 AD3d 1578, 1578 [4th Dept 2014]; see Meyers, 191 AD3d at 1406). Upon remittal, the court convened a reconstruction hearing without expressly delineating the missing and irregular transcripts to be reconstructed. Instead, the court heard the testimony of witnesses offered by the People and closed the hearing without determining whether the evidence submitted was sufficient to reconstruct a record that would permit defendant to review "whether genuine appealable and reviewable [trial] issues do or do not exist" (People v Glass, 43 NY2d 283, 286 [1977]). That was error. Although the reconstruction required by the substantial irregularities in this trial transcript was considerably broader than the discrete issues for which reconstruction is more frequently directed (see e.g. People v Terry, 225 AD2d 1058, 1058 [4th Dept 1996], lv denied 88 NY2d 886 [1996]; see Walker, 117 AD3d at 1578), the intent of our prior decision was for the court to make a determination whether the missing and irregular transcripts were sufficiently reconstructed, not merely to assist in the marshaling of evidence from which this Court could reconstruct the trial record behind closed doors (see generally People v Wilson, 187 AD3d 1586, 1586 [4th Dept 2020]).
I also agree with defendant that the court erred in denying his motion to, inter alia, compel the prosecution to provide him with copies of or access to the original trial exhibits that had been returned to the People following the original trial. As defense counsel explained at the reconstruction hearing, the trial exhibits were essential to reconstruction of the trial testimony, either by confirming the recollections of the witnesses or disputing the same. By denying defendant's request for access to the trial exhibits, the court adversely affected defendant's ability to meaningfully participate in the reconstruction hearing as well as to ensure accuracy of the reconstruction itself.
Although the above errors could potentially be remedied by remittal for a new reconstruction hearing, I conclude that, on the unique facts of this case, defendant is entitled to a new trial. Although a defendant "should be diligent in maximizing the possibility that [a reconstruction] hearing can accomplish its purpose" (People v Parris, 4 NY3d 41, 48 [2004]), it is the People who at all times "have the constitutional burden of proving defendant's guilt beyond a reasonable doubt with respect to every element of the crime charged" (Terry, 225 AD2d at 1058, citing People v Newman, 46 NY2d 126, 128 [1978]). I therefore agree with defendant, and the People do not dispute, that the People had the burden at the reconstruction hearing to submit sufficient evidence to "reconstruct[] . . . a substitute [trial] record from which any existing reviewable issues could be presented" (Glass, 43 NY2d at 286; see also Terry, 225 AD2d at 1058).
I agree with defendant that the People failed to meet that burden. As noted above, upon remittal, the missing and irregular transcripts were never expressly delineated. Instead, at the hearing, the People sought to reconstruct the trial record generally through the testimony from the judge that presided over defendant's trial, defendant's trial counsel, and the trial prosecutor without reference to the existent trial record. I agree with the majority that the proffered testimony, along with the judge's trial notes entered into evidence at the hearing, can be effective tools to aid in reconstruction of the trial record (see People v Ragbirsingh, 153 AD3d 858, 858 [2d Dept 2017], lv denied 30 NY3d 1063 [2017]). Here, however, the testimony of several of the witnesses that needed to be reconstructed related to exhibits central to the People's case in chief against defendant. The People failed to enter any of the trial exhibits into evidence at the reconstruction hearing and further refused to provide defendant's current counsel with access to those original exhibits. I find no reason not to hold the People to the same standard of diligence as defendant "in maximizing the possibility that [a reconstruction] hearing can accomplish its purpose" (Parris, 4 NY3d at 48). Here, the People's refusal to offer into evidence or provide defendant access to the original trial exhibits within their control hindered effective reconstruction. Thus, the failure of the reconstruction hearing to produce a sufficient record for appellate review is not solely premised on a cause "beyond the control of either party" (People v Rivera, 39 NY2d 519, 525 [1976]). Instead, the People's refusal "seriously impeded [defendant's] right to a fair [appeal]" (id. [internal quotation marks omitted]). I therefore conclude that the attempted "alternative means to provide an adequate record," i.e., the [*5]reconstruction hearing at which the People bore the burden, failed to produce "a substitute [trial] record from which any existing reviewable issues could be presented" (Glass, 43 NY2d at 286; see generally Meyers, 191 AD3d at 1407), and defendant should be granted a new trial.
In light of my conclusion, defendant's remaining contentions are academic.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court